## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

United States of America ex rel.
  The Tarbell Group, LLC,

      Plaintiff

         v.

Bristol TN-VA Association of Realtors,
Chattanooga Yacht Club,
Etowah Chamber of Commerce,
Forest Hills Cemetery Association,
Fort Loudoun Yacht Club Inc.,
Fraternal Order of Police—Volunteer Lodge
    No. 2,
Green Meadow Country Club Inc.,
Greenville Lodge No. 692 Loyal Order of
    Moose,
Home Builders Association of Greater
    Knoxville Inc.,
Homebuilders Association of Greater
    Chattanooga,
Knoxville Academy of Medicine,
Knoxville Racquet Club Inc.,
Lakewood Golf & Country Club Inc.,
Oak Grove Cemetery Association,
River Bend Country Club Inc.,
Rogersville-Hawkins County Chamber of
    Commerce Inc.,
Shelbyville Lodge No. 2197 Loyal Order of
    Moose,
Signal Mountain Golf and Country Club,
Spring City Chamber of Commerce,
Tennessee Valley Public Power Association
    Inc.,
Tullahoma Chamber of Commerce,
and
Unknown John or Jane Does,

      Defendants

**FILED UNDER SEAL PURSUANT TO
31 U.S.C. § 3730(b)(2)**

Case no. 1-25-CV-111

FILED

APR 02 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

## COMPLAINT

## Nature of the Case

1. Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

## Jurisdiction and Venue

2. The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district each defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

## Parties—Relator

3. Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

## Parties—501(c)(6) Defendants

4. Defendant Bristol TN-VA Association of Realtors is an entity exempt from taxation under section 501(c)(6) of the Internal Revenue Code, 26 U.S.C. § 501(c)(6) ("Tax-Exempt 501(c)(6) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 1203 Edgemont Avenue, Bristol, TN.

5. Defendant Etowah Chamber of Commerce is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 727 Tennessee Avenue, Etowah, TN.

6. Defendant Home Builders Association of Greater Knoxville Inc. is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 221 Clark Street NW, Knoxville, TN.

7. Defendant Homebuilders Association of Greater Chattanooga is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 3221 Harrison Pike, Chattanooga, TN.

8. Defendant Knoxville Academy of Medicine is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 115 Suburban Road, Knoxville, TN.

9. Defendant Rogersville-Hawkins County Chamber of Commerce Inc. is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 110 East Kyle Street, Rogersville, TN.

10. Defendant Spring City Chamber of Commerce is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as P.O. Box 355, Spring City, TN.

11. Defendant Tennessee Valley Public Power Association Inc. is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1206 Broad Street, Chattanooga, TN.

12. Defendant Tullahoma Chamber of Commerce is a Tax-Exempt 501(c)(6) Organization. On the loan application(s) at issue herein, this defendant gave its address as 134 West Lincoln Street, Tullahoma, TN.

## Parties—501(c)(7) Defendants

13. Defendant Chattanooga Yacht Club is an entity exempt from taxation under section 501(c)(7) of the Internal Revenue Code, 26 U.S.C. § 501(c)(7) ("Tax-Exempt 501(c)(7) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 9400 North Hickory Valley Road, Chattanooga, TN.

14. Defendant Fort Loudoun Yacht Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2325 Lakefront Drive, Knoxville, TN.

15. Defendant Green Meadow Country Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1700 Louisville Road, Alcoa, TN.

16. Defendant Knoxville Racquet Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 5535 Lonas Drive, Knoxville, TN.

17. Defendant Lakewood Golf & Country Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1900 Country Club Drive, Tullahoma, TN.

18. Defendant River Bend Country Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 245 Riverbend Country Club Road, Shelbyville, TN.

19. Defendant Signal Mountain Golf and Country Club is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 809 James Boulevard, Signal Mountain, TN.

### Parties—501(c)(8) Defendants

20. Defendant Fraternal Order of Police—Volunteer Lodge No. 2 is an entity exempt from taxation under section 501(c)(8) of the Internal Revenue Code, 26 U.S.C. § 501(c)(8) ("Tax-Exempt 501(c)(8) Organization"). On the loan application(s) at issue herein, this defendant gave its address as P.O. Box 1373, Knoxville, TN.

21. Defendant Greenville Lodge No. 692 Loyal Order of Moose is a Tax-Exempt 501(c)(8) Organization. On the loan application(s) at issue herein, this defendant gave its address as 728 Kiser Boulevard, Greeneville, TN.

22. Defendant Shelbyville Lodge No. 2197 Loyal Order of Moose is a Tax-Exempt 501(c)(8) Organization. On the loan application(s) at issue herein, this defendant gave its address as P.O. Box 576, Shelbyville, TN.

### Parties—501(c)(13) Defendants

23. Defendant Forest Hills Cemetery Association is an entity exempt from taxation under section 501(c)(13) of the Internal Revenue Code, 26 U.S.C. § 501(c)(13) ("Tax-Exempt 501(c)(13) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 4106 Tennessee Avenue, Chattanooga, TN.

24. Defendant Oak Grove Cemetery Association is a Tax-Exempt 501(c)(13) Organization. On the loan application(s) at issue herein, this defendant gave its address as 699 East Strang Street, Rockwood, TN.

### Parties—Individual Defendants

25. Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Defendants respectively acted.

### Background

26. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the United States Small

Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

27. PPP Loan recipients could receive up to two loans, one in each of two tranches, each called a "draw," i.e., first-draw and second-draw PPP Loans.

28. A recipient could receive a second-draw loan only after having obtained a first-draw loan.

29. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

30. The PPP Program excluded Tax-Exempt 501(c)(6) Organizations from eligibility until December 27, 2020.

31. The PPP Program excluded Tax-Exempt 501(c)(7) Organizations from eligibility until March 11, 2021.

32. The PPP Program excluded Tax-Exempt 501(c)(8) Organizations from eligibility until March 11, 2021.

33. The PPP Program excluded Tax-Exempt 501(c)(13) Organizations from eligibility until March 11, 2021.

34. Each institutional defendant, by and through the individual defendants who acted on its behalf, applied for and received one or more PPP Loans for which it was legally ineligible.

35. Some defendants, by and through the individual defendants who acted on their behalf, also applied for and received second PPP Loans for which they were ineligible as "fruit of the poisonous tree," because receipt of a first-draw loan was a prerequisite to receive a second-draw loan.

6

## PPP Loans

36.      Defendants received approval for, and forgiveness of, their PPP Loans on the dates and in the amounts shown on the table attached hereto, despite being legally ineligible for the same.

## First Cause of Action
## False Claims Act, 31 U.S.C. § 3729
## PPP Loan(s)

37.      Relator repeats and realleges each of the foregoing paragraphs.

38.      Each institutional defendant was ineligible to receive its PPP Loan(s) at the time it applied and received approval for the same.

39.      Each defendant did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

40.      Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

41.      Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

7

## Second Cause of Action
## False Claims Act, 31 U.S.C. § 3729
## Fruit of the Poisonous Tree

42. Relator repeats and realleges each of the foregoing paragraphs.

43. The following defendants received second-draw PPP Loans for which they were ineligible due to their failure lawfully to obtain first-draw PPP Loans:

    a.    Etowah Chamber of Commerce

    b.    Home Builders Association of Greater Knoxville Inc.

    c.    Homebuilders Association of Greater Chattanooga

44. Because these defendants received their first-draw PPP Loans via fraud and under false pretenses, their second-draw PPP Loans constituted "fruit of the poisonous tree" and were unlawfully obtained.

45. Each of these defendants, and the individual defendants who acted on its behalf, did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

46. Each of these defendants, and the individual defendants who acted on its behalf, did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

47. Each of these defendants, and the individual defendants who acted on its behalf, did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

**Prayer for Relief**

48.    WHEREFORE, Relator prays for the following relief against each defendant:

    a.    A declaration that each defendant did violate the False Claims Act;

    b.    An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to each defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

    c.    The cost of this civil action, apportioned to each defendant respectively in proportion to its share of the aggregate damages recouped herein, under 31 U.S.C. § 3729(a)(3);

    d.    An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

    e.    Such other and further relief as may be just and proper.

**Demand for Jury Trial**

49.    Relator demands a trial by jury.

Respectfully submitted,

*Bruce Ellis Fein*

**Law Office of Bruce Ellis Fein, PLLC**
Bruce Ellis Fein, Esq.
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*

9