# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL., ) THE TARBELL GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-25-CV-111 |
| ) | |
| BRISTOL TN-VA ASSOCIATION OF ) REALTORS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

The Fort Loudoun Yacht Club is a small freshwater boating club on the Tennessee River in Knoxville, Tennessee. *See* Fort Loudoun Yacht Club, www.fortloudounyachtclub.com (last visited May 8, 2026). The Fort Loudoun Yacht Club has 140 members, and its monthly dues are $252. *Id.* Upon information and believe, the Plaintiff is a limited liability company (LLC) that was formed to serve as a "whistleblower" under the False Claims Act ("FCA"). Because the Fort Loudoun Yacht Club is a tax-exempt 501(c)(7) organization (as opposed to a for-profit entity), the Plaintiff alleges that the Club violated the FCA by applying for a Paycheck Protection Program loan prematurely. For the reasons below, the Court should dismiss the Complaint under Rules 9(b) and Rule 12(b)(6) with prejudice without leave to amend.

To establish a claim under the FCA, the Plaintiff must sufficiently plead the following:

> [1] that the defendant [made] a false statement or create[d] a false record; [2] with actual knowledge, deliberate ignorance, or reckless disregard of the truth or falsity of the information; [3] that the defendant . . . submitted a claim for payment to the federal government; . . . and [4] that the false statement or record [was] material to the Government's decision to make the payment sought in the defendant's claim.

*U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 408 (6th Cir. 2016) (alterations in original).

The treble damages and penalties under the FCA are severe. Under the FCA, any person who knowingly violates the Act is liable for (1) a civil penalty of between $14,308 to $28,619 *per claim*; and (2) three times the amount of damages sustained by the Government. *See* 31 U.S.C. § 3729(a)(1)(A).

While these penalties are severe, the FCA imposes civil liability *only* for "knowingly present[ing] . . . a false or fraudulent claim" to the government "for payment or approval." *Id.* § 3729(a)-(b). The FCA defines "knowingly" to mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." *See id.* § 3729(b)(1)(A).

Because the FCA is a fraud statute, FCA complaints must satisfy the heightened pleading requirements in Federal Rule of Civil Procedure 9(b), which requires a party state with particularity "the circumstances constituting fraud." "In addition to satisfying the False Claims Act's requirements, *qui tam* plaintiffs must meet the heightened pleading standards of Civil Rule 9(b)." *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017). As the Sixth Circuit noted in *Walgreen Co.*: "In all averments of 'fraud or mistake,' the plaintiff must state with 'particularity the circumstances constituting fraud or mistake'" under Rule 9(b). *Id.* at 880-81. "Requiring relators to plead FCA claims with particularity is especially important in light of the quasi-criminal nature of FCA violations (i.e., a violator is liable for treble damages). *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006); *see also United States v. Spectrum Health Med. Grp.*, No. 1:17-CV-714, 2018 WL 11239460, at *2 (W.D. Mich. May 7, 2018).

2

Inaccurate claims submitted due to negligence or honest mistakes are not actionable under the FCA. "Simple negligence and innocent mistakes do not meet the level of scienter required by the FCA." *U.S. ex rel. Howard v. Lockheed Martin Corp.*, 14 F. Supp. 3d 982, 993 (S.D. Ohio 2014). As the Supreme Court has emphasized: "The False Claims Act is not 'an all-purpose antifraud statute,' or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016) (citations omitted).

Courts evaluate motions to dismiss FCA complaints for failure to plead fraud with sufficient particularity considering the overall purposes of Rule 9(b). "The heightened pleading standard is also designed to prevent 'fishing expeditions' to protect defendants' reputations from allegations of fraud and to narrow potentially wide-ranging discovery to relevant matters." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (citations omitted); *see also U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (Rule 9(b) prevents "speculative suits against innocent actors for fraud.").

The Sixth Circuit has ruled that Rule 9(b) "means *qui tam* plaintiffs must 'adequately allege the entire chain—from start to finish—to fairly show defendants caused false claims to be filed.'" *U.S. ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017). The complaint must specify the "who, what, when, where, and how" of the alleged fraudulent scheme. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

### I. <u>Rule 9(b) Requires this Complaint to be Dismissed.</u>

The Complaint against the Fort Loudoun Yacht Club is entirely speculative and fails to meet the stringent pleading requirements in Rule 9(b). The Complaint names 22 clubs and associations as Defendants. The only mention of the Fort Loudoun Yacht Club in the body of the

3

complaint are two sentences in paragraph 14, which states that "Defendant Fort Loudoun Yacht Club Inc. is a Tax-Exempt 501(c)(7) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2325 Lakefront Drive, Knoxville, TN." The exhibit to the Complaint alleges that the Fort Loudoun Yacht Club received one PPP loan of $32,695 on April 29, 2020, before it was eligible to apply for the loan. This is the extent of the fraud allegations against the Fort Loudoun Yacht Club.

It is hard to imagine an FCA complaint that describes with less particularity "the circumstances constituting fraud." This Complaint fails to specify the required "who, what, when, where, and how" of the alleged fraudulent scheme. *Sanderson*, 447 F.3d at 877. The Complaint does not allege who (if anyone) at the Fort Loudoun Yacht Club completed and submitted the PPP loan application. The Complaint does not describe what SBA form was used to make the PPP loan application; the date the form was submitted; the organization that received and processed the PPP application; the bank that funded the loan (with SBA guarantees); or the contents of the loan application.

Nor does the Complaint allege that the Fort Loudoun Yacht Club used the loan proceeds for anything other than payroll as allowed under the PPP loan program, or that the Club mispresented the number of employees or the amount of payroll to increase the amount of the loan. The Complaint does not allege that the "Plaintiff" was an insider at the Club who had seen the application or knew any non-public facts. For all the Plaintiff knows, the Fort Loudoun Yacht Club listed its status as a 501(c)(7) organization on the PPP loan application, or that the PPP loan application did not request information regarding its tax status. The Complaint does not describe the contents of the PPP loan application because the Plaintiff has no information regarding the application.

4

In summary, the Complaint fails to allege *any* facts that indicate the Fort Loudoun Yacht Club knowingly submitted a false claim for a PPP loan—as opposed to submitting a loan application based on an innocent mistake or a misunderstanding of the initial PPP eligibility criteria. All this barebones Complaint contains are weak inferences. But as the Sixth Circuit has held regarding inferences in FCA complaints: "[I]nferences and implications are not what Civil Rule 9(b) requires. It demands specifics—at least if the claimant wishes to raise allegations of fraud against someone." *Walgreen Co.*, 846 F.3d at 881. This Complaint contains no specifics and should be dismissed under Sixth Circuit precedent.

When read in context, the Complaint merely alleges that the Fort Loudoun Yacht Club received a PPP loan *prematurely*, not fraudulently. For example, the President signed the American Rescue Plan Act of 2021 into law on March 11, 2021. Pub. L. No. 117-2, 135 Stat. 4 (2021). This Act extended PPP loans to 501(c)(7) organizations such as the Fort Loudoun Yacht Club. The Complaint implicitly admits this fact in Paragraph 31, which states: "The PPP Program excluded Tax-Exempt 501(c)(7) Organizations from eligibility until March 11, 2021." In other words, the PPP program included 501(c)(7) organizations after March 11, 2021. Thus, the Fort Loudoun Yacht Club was eligible to receive a PPP loan less than one year after it received a PPP loan. And the Complaint correctly notes that the Fort Loudoun Yacht Club received only one PPP loan for $32,695. The Complaint does not allege (1) that the Club received multiple PPP loans; (2) that the Club fraudulently benefitted by applying for a PPP loan in April 2020 instead of March 2021; or (3) that the United States suffered *any* damages as a result.

When allegations in a FCA complaint could equally support an inference of mistake or negligence rather than fraud, the complaint fails to meet Rule 9(b)'s particularity requirements.

*See United States v. Omnicare, Inc.*, 903 F.3d 78, 92 (3d Cir. 2018).  This Court can take judicial notice that when the Fort Loudoun Yacht Club received the PPP loan on April 29, 2020, it was at the beginning of the Covid-19 pandemic when panic and confusion reigned.  In March 2020, Congress enacted the ''Coronavirus Aid, Relief, and Economic Security Act'' (CARES Act) that established the PPP loan program in response to the economic collapse caused by the COVID-19 global pandemic.  Under extreme pressure to infuse liquidity into an economy in collapse as quickly as possible, the federal government enlisted the assistance of banks, credit unions, and loan processors to administrator the PPP loan program.  *See U.S. ex rel. Collins v. Robertson*, No. 1:22-CV-02634, 2025 WL 2701061, at *1 (N.D. Ga. Aug. 18, 2025) (''The Paycheck Protection Program (PPP) provided for the Small Business Administration to guarantee loans that were processed, approved, and disbursed by private financial institutions.'').  Using banks, credit unions, and loan processors created additional confusion and less oversight than if the federal government had the time and resources to implement and oversee the PPP loan program.

Multiple district courts in the Sixth Circuit have described the urgency and confusion in the early PPP loan process.  One such district court described the outset of the Paycheck Protection Program as follows:

> The first draw program was enacted as part of an urgent legislative attempt to cope with the devastating, unprecedented, and rapid economic decline that occurred when states around the nation slammed the brakes on normal economic output by drastically curtailing in-person work and personal movement for non-essential purposes. . . .  It was both consistent and entirely economically and politically rational for Congress to believe, first, that the broadest possible allowance of credit was called for in the opening weeks and months of the pandemic crisis, in order to keep as many citizens gainfully employed as possible.

*Nat'l Ass'n of Home Builders v. U.S. Small Bus. Admin.*, No. 20-11780, 2021 WL 4458660, at *11 (E.D. Mich. Sept. 28, 2021).

In short, the Complaint reveals an obvious alternative lawful explanation: At the beginning of the COVID-19 crisis and during the first weeks of the PPP loan program, the Fort Loudoun Yacht Club mistakenly believed that it was eligible for a PPP loan. As noted earlier, this alternative explanation is supported by the fact that the Fort Loudoun Yacht Club became eligible for a PPP loan less than one year later, yet it applied for only one PPP loan. If the Fort Loudoun Yacht Club had any fraudulent intent, it would have applied for a second or third PPP loan. Because the Club became eligible to receive a PPP loan soon after it received the loan, the United States suffered no damages. At most, the Complaint alleges that the Fort Loudoun Yacht Club received a PPP loan prematurely.

The Complaint suffers from a fatal flaw—it pleads the allegations as if the FCA was a strict liability statute, but it is anything but. For the reasons above, the Complaint against the Fort Loudoun Yacht Club fails to meet any of the stringent pleading requirements under Rule 9(b) and should be dismissed with prejudice under Rule 12(b)(6).

## II. The Public Disclosure Bar Requires the Complaint to be Dismissed.

Upon information and belief, this is a "data-mining" case where the Plaintiff based the allegations in the Complaint on publicly available data. Under the public disclosure bar, FCA actions must be dismissed if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" unless "the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). As described below, the Complaint should be dismissed because "substantially the same allegations or transactions as alleged in the [Complaint] were publicly disclosed," and the Plaintiff "does not claim to be the original course of the information." *Id.*

This is the type of FCA action that the public disclosure bar is intended to prohibit. The public disclosure bar prohibits relators from bringing FCA claims when "substantially the same" conduct alleged has already been "publicly disclosed." *See* 31 U.S.C. § 3730(e)(4). As the Sixth Circuit has held: "At the same time that the [FCA] encourages whistleblowers, it discourages 'opportunistic' plaintiffs who 'merely feed off a previous disclosure of fraud." *Walgreen Co.,* 846 F.3d at 880 (citation omitted). For that reason, "individual plaintiffs cannot bring qui tam complaints based upon information already in the public domain." *Id.* (quoting *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 507 (6th Cir. 2009)).

The information in the Complaint regarding the PPP loan is readily available from numerous sources on the Internet, including Pandemic Oversight, a publicly available government website, and ProPublica.org, a publicly available news outlet. *See* Exhibits 1 and 2 (screenshots). Further, information showing that the Fort Loudoun Yacht Club is a 501(c)(7) organization is also publicly available on the Internet. *See* Exhibit 3 (screenshot). In short, the fact that the Fort Loudoun Yacht Club received one PPP loan in April 2020 <u>and</u> is a 501(c)(7) organization was publicly available before the Complaint was filed.

As the Eleventh Circuit recently held regarding the public disclosure bar in the FCA: "'Significant overlap between the plaintiff's allegations and the public disclosures is sufficient to show that the disclosed information forms the basis of the lawsuit and is substantially similar to the allegations in the complaint.' It is not open season, in other words, for would-be relators who have one piece of a puzzle that is already largely complete." *United States ex rel. Smith v. Odom,* 148 F.4th 1322, 1330 (11th Cir. 2025) (citation omitted) (quoting *U.S ex rel. Jacobs v. JP Morgan Chase Bank, N.A.*, 113 F.4th 1294, 1302 (11th Cir. 2024)) (holding that because newspapers articles outlined the same scheme as in the FCA complaint, the public disclosure bar

required dismissal of complaint); *see also U.S. ex rel. Stebbins v. Maraposa Surgical, Inc.*, No. 24-1626, 2024 WL 4947274, at *3 (3d Cir. Dec. 3, 2024) (dismissing FCA complaint and noting that "[b]ecause anyone could access this publicly available information about the transactions, anyone could file the same suit" where the facts in the complaint were available on government websites). There is more than "significant overlap between the plaintiff's allegations and the public disclosures" in this case to trigger the public disclosure bar. *See United States ex rel. Smith v. Odom, supra* at 1330.

In summary, the fact that the Fort Loudoun Yacht Club received one PPP loan was publicly available before this Complaint was filed, as was its status as a 501(c)(7) organization. Because the Complaint does not claim that the Plaintiff is the original source of this information, the public disclosure bar requires dismissal of the Complaint. As the Sixth Circuit has held, "individual plaintiffs cannot bring *qui tam* complaints based upon information already in the public domain." *Walgreen Co.*, 846 F.3d at 880.

### III.    Conclusion

The Complaint against the Fort Loudoun Yacht Club fails every aspect of Rule 9(b)'s stringent pleading requirements, and it is barred by the public disclosure rule in the FCA. *Either of these infirmities* require the Complaint to be dismissed with prejudice. Because the Plaintiff is not an insider whistleblower, and the Complaint references no facts outside the public record, the Court should not allow the Plaintiff to file an amended complaint as it would be futile to do so. A court may deny leave to amend complaint "if amendment would be futile." Fed. R. Civ. P. 15(a)(2).

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Brent E. Siler
Brent E. Siler (TN BPR 022289)

</div>

9

ADAMS & REESE, LLP
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Tel: (901) 525-3234
Fax: (901) 524-5373
Brent.siler@arlaw.com

M. Rhett DeHart (S.C. Fed. ID No. 7777)
Adams and Reese LLP
151 Meeting Street, Suite 301
Charleston, SC  29401
Tel.  (843)-769-1546
Rhett.Dehart@arlaw.com

*Pro Hac Application Pending*
*Attorney for Defendant Fort Loudoun*
*Yacht Club, Inc.*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of May, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record who have appeared in this action, including:

Law Office of Bruce Ellis Fein, PLLC
Bruce Ellis Fein, Esq. (469466)
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390

*Attorney for The Tarbell Group, LLC*

Alexandra M. Ortiz Hadley (036892)
Ben D. Cunningham (030122)
800 Market St. Suite 211
Knoxville, TN 37902
865-545-4167

*Attorneys for the United States of America*

Owings, Wilson & Coleman
Gavin Andrew Smelcer (039202)
John E. Owings (13373)
900 South Gay Street, Suite 800
Knoxville, TN 37902
gsmelcer@owclaw.com
jeowings@owclaw.com
865-522-2717

*Attorneys for Oak Grove Cemetery Associations*

The Law Office of Joe M. Lambert, Jr
Joe M. Lambert, Jr. (12693)
100 N. Public Sq., Suite 3
Shelbyville, TN 37160
office@joemlambertlaw.com
931-684-9600

*Attorney for River Bend Country Club, Inc.*

/s/ Brent E. Siler
Brent E. Siler