| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL TN-VA ASSOCIATION OF REALTORS, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-00111-TRM-MJD<br><br>CHIEF JUDGE MCDONOUGH<br>MAGISTRATE JUDGE DUMITRU |

### Defendants Lakewood Golf and Country Club, River Bend Country Club, Inc, and the Tullahoma Chamber of Commerce's <u>Motion for Judicial Notice</u>

Defendants Lakewood Golf and Country Club ("Lakewood"), River Bend Country Club, Inc. ("River Bend"), and the Tullahoma Chamber of Commerce ("the Chamber") (collectively, "Defendants") respectfully move under Fed. R. Evid. 201 for the Court to take judicial notice of the attached exhibits. All the exhibits derive from publicly available online sources—specifically, government and news websites—that courts regularly take judicial notice of.

<u>PandemicOversight.Gov Exhibits</u>

**Exhibit A** is an excerpt from a Payment Protection Program ("PPP") borrower dashboard containing information pertaining to a PPP loan obtained by Lakewood. The information was obtained by searching for "Lakewood Golf and Country Club" on the PandemicOversight.gov PPP borrower search tool, which is publicly available at:

https://www.pandemicoversight.gov/data-interactive-tools/dashboards-datasets/ppp-dashboard (last visited May 14, 2026).

**Exhibit B** is an excerpt of data from the same PPP borrower dashboard, containing information pertaining to the Chamber's PPP loan, obtained by searching for "Tullahoma Chamber of Commerce." The search tool is publicly available at the same URL listed above for Exhibit A.

**Exhibit C** is an excerpt of data from the same PPP borrower dashboard, containing information pertaining to River Bend's PPP loan, obtained by searching for "RiverBend Country Club." The search tool is publicly available at the same URL listed above for Exhibit A.

SBA Exhibit

**Exhibit D** is a webpage from the Small Business Administration's ("SBA") website titled "First Draw PPP loan." This webpage displays the SBA's guidance on First Draw PPP loans and is publicly available at: https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/first-draw-ppp-loan (last visited May 14, 2026).

Virginia State Corporation Commission Exhibit

**Exhibit E** is an excerpt from a webpage called "Clerk's Information System" contained on the Virginia State Corporation Commission's (the "Virginia SCC") website. It was obtained by searching for "The Tarbell Group, LLC" on the webpage's Business Entity Search in the search bar for "Entity Name." This webpage is publicly available at:

2

https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?busi-nessId=11698697&source=FromEntityResult&isSeries%20=%20false (last visited May 14, 2026).

ProPublica.org Exhibits

**Exhibit F** is an excerpt from ProPublica.org's "Tracking PPP" webpage, which contains information pertaining to Lakewood's PPP loan. The information was obtained by searching for "Lakewood Golf and Country Club" on that website's search bar, which is publicly available at: https://projects.propublica.org/corona-virus/bailouts/ (last visited May 14, 2026).

**Exhibit G** is an excerpt taken from the same ProPublica.org "Tracking PPP" webpage, which also shows information pertaining to Chamber's PPP loan. The information was obtained by searching for "Tullahoma Chamber of Commerce" in the same manner and at the same URL listed for Exhibit F.

**Exhibit H** is an excerpt taken from the same ProPublica.org "Tracking PPP" webpage, which also shows information pertaining to River Bend's PPP loan. The information was obtained by searching for "RiverBend Country Club" in the same manner and at the same URL listed for Exhibit F.

Federal Register Exhibits

**Exhibit I** is a webpage displaying the text of an interim final rule published on the Federal Register titled *Business Loan Program Temporary Changes; Paycheck Protection Program*, 85 Fed. Reg. 20811. The published rule outlines the initial eligibility requirements for PPP loans that existed at the beginning of the COVID-19

3

Pandemic in 2020. The SBA published this rule in the Federal Register on April 15, 2020 and the text is publicly available at: https://www.federalregister.gov/docu-ments/2020/04/15/2020-07672/business-loan-program-temporary-changes-paycheck-protection-program (last visited May 14, 2026).

**Exhibit J** is a webpage displaying the text of an interim final rule published on the Federal Register titled *Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by American Rescue Plan Act*, 86 Fed. Reg. 15083. The published rule notes the expansion of organizations that became eligible for PPP loans in 2021 due to the American Rescue Plan Act, Pub. L. No. 117-2. The SBA published this rule in the Federal Register on March 22, 2021 and the text is publicly available at: https://www.federalregister.gov/documents/2021/03/22/2021-05930/business-loan-program-temporary-changes-paycheck-protection-program-as-amended-by-american-rescue (last visited May 14, 2026).

## I. Judicial notice of these materials is proper.

Under Fed. R. Evid. 201(b) & (c), if a party requests judicial notice and supplies the necessary information, a court must take notice of a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the materials fall within two categories: government websites and news articles. The Sixth Circuit regularly takes judicial notice of both.

### A.     Information from government websites.

The Sixth Circuit has consistently held that information from government websites satisfies Rule 201(b). *See e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (taking judicial notice of contents of the Bureau of Prisons website); *Broom v. Shoop*, 963 F.3d 500, 509 (6th Cir. 2020) (noting that courts "routinely take judicial notice of information contained on state and federal government websites.") (citation omitted); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("[i]nformation taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites").

Here, seven of the ten exhibits are from government websites. Exhibits A–C are excerpts from the PPP borrower database publicly available on [www.PandemicOversight.gov](http://www.PandemicOversight.gov). This website is maintained by the Pandemic Response Accountability Committee ("PRAC"), a federal entity established within the Council of Inspectors General on Integrity and Efficiency under section 15010(b) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 15010, 134 Stat. 281, 533-40 (2020). The CARES Act specifically mandated the PRAC to create this website. *Id.* (requiring that "[n]ot later than 30 days after the day of enactment of this Act, the Committee shall establish and maintain a user-friendly, public-facing website."). Thus, [www.PandemicOversight.gov](http://www.PandemicOversight.gov) is an official government website, and this Court may take judicial notice of the information contained therein.

Other courts evaluating whether the False Claims Act's public-disclosure bar applies have taken judicial notice of excerpts from the same PPP borrower database

on www.PandemicOversight.gov. *See e.g.*, *United States ex rel. Nevadans Against Fraud on the Gov't, LLC v. Terrible Herbst*, No. 2:24-cv-2277, 2026 WL 608897, at *4 (D. Nev. Mar. 4, 2026) (taking judicial notice because the information was from an official government website); *United States ex rel. Relator, LLC v. Hodges*, No. 2:22-cv-05200, 2025 WL 3724906, at *3 n.1 (C.D. Cal. Nov. 7, 2025) (same); *United States ex rel. Relator LLC v. Erskine*, No. 3:22-cv-01158, 2025 WL 796621, at *1 n.1 (S.D. Cal. Feb. 25, 2025) (same).

Similarly, Exhibits D–E are also not subject to reasonable dispute because they contain information from official government websites. Exhibit D is a webpage contained on the SBA's website and Exhibit E is a webpage from the Virginia SCC's website. *See e.g.*, *Oak Ridge*, 412 F. Supp. 3d at 810 n.6 (taking judicial notice of information found on U.S. Geological Survey website); *Watkins v. Westin*, No. 3:21-cv-164, 2021 WL 3824808, at *1 n.2 (E.D. Tenn. Aug. 26, 2021) (taking judicial notice of contents of the California Department of Corrections and Rehabilitation website).

Exhibits I–J are webpages displaying the text of two interim final rules published by the SBA in the Federal Register and both can be found on www.federalregister.gov. This is likewise a government website. In addition, Congress explicitly requires that courts take judicial notice of the contents of the Federal Register. 44 U.S.C. § 1507 (stating that "[t]he contents of the Federal Register shall be judicially noticed."). Accordingly, all seven exhibits are proper for judicial notice.

### B. Information from news websites.

The Sixth Circuit has also regularly taken judicial notice of news articles. The court's notice is typically limited to "the fact of the documents' existence, and not for

the truth of the matters asserted therein." *Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Sup. Ct.*, 894 F.3d 235, 245 (6th Cir. 2018) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)). Such limited notice is sufficient to establish public disclosure for purposes of the FCA's public-disclosure bar.

Here, Exhibits F–H are webpages contained on ProPublica.org. ProPublica is an investigative journalism organization that publishes articles pertaining to topics of public interest on its website. Thus, this Court may take judicial notice of the existence of the information contained in Exhibits F–H.

## II.     Judicial notice is appropriate at the motion-to-dismiss stage.

This motion is filed contemporaneously with these Defendants' motion to dismiss based, in part, on the False Claims Act's public-disclosure bar. Judicially noticed materials such as these may be considered by the Court in evaluating a motion to dismiss without converting it to a motion for summary judgment. *See, e.g.*, *Kiser v. Terumo Med. Corp.*, No. 2:21-cv-69, 2021 WL 4356044, at *1 n.2 (E.D. Tenn. Sept. 23, 2021) (McDonough, J.); *Philadelphia Indem. Ins. Co. v. Lacey*, No. 3:18-cv-38, 2018 WL 3999821, at *2 (E.D. Tenn. Aug. 21, 2018) (same). And courts regularly do so in deciding motions to dismiss under the public-disclosure bar. *See, e.g.*, *United States ex rel. MSP WB, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 19-12165, 2024 WL 1316223, at *11 (E.D. Mich. Mar. 26, 2024) (taking judicial notice of news articles and material from government websites and granting motion to dismiss based on public-disclosure bar); *United States ex rel. Angelo v. Allstate Ins. Co.*, 620 F. Supp. 3d 674, 684-85 & 694 (E.D. Mich. 2022) (same).

7

## III. Conclusion.

Based on the foregoing, Defendants respectfully move the Court to grant the motion and take judicial notice of Exhibits A through J.

Respectfully submitted,

Dated: May 14, 2026

/s/ *Frankie N. Spero*
Frankie N. Spero (No. 29408)
fspero@bradley.com
Ty E. Howard (No. 26132) (admitted pro hac vice)
thoward@bradley.com
Hannah Grewal (No. 043089) (admitted pro hac vice)
hgrewal@bradley.com
Bradley Arant Boult Cummings LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 244-2582

*Counsel for Lakewood Golf and Country Club, River Bend Country Club, Inc., and the Tullahoma Chamber of Commerce*

8