**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* THE TARBELL GROUP, LLC, Plaintiff, | |
| v. | Case No. 1:25-CV-111-TRM-MJD |
| BRISTOL TN-VA-ASSOC. OF REALTORS *et al*, Defendants. | |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Comes now, the Home Builders Association of Greater Knoxville, Inc. ("HBAGK"), by and through undersigned counsel, and moves the Court to dismiss all claims against HBAGK in Relator's Complaint.[1]

## I.      INTRODUCTION

Relator The Tarbell Group, LLC, ("Relator"), on behalf of the United States, filed a complaint alleging violations of the False Claims Act ("FCA"), but this pleading and the claims therein fail as a matter of law because the allegations in the Complaint do not satisfy Rules 8 and 9 of the Federal Rules of Civil Procedure.  The pleading offers only conclusory assertions about eligibility for funds under the Paycheck Protection Program ("PPP"), without the specific factual allegations required by Rule 8 or the particularized allegations of a false statement, scienter, or materiality as to the HBAGK required by Rule 9. Moreover, the claims against HBAGK are barred by the public disclosure doctrine.  Dismissal with prejudice is warranted.

---

[1] Consistent with the Court's Order (Doc. 4), undersigned counsel certifies she has conferred with plaintiff's counsel prior to filing and was unable to reach an agreement that amending would cure the deficiencies alleged herein.

## II.   FACTS

HBAGK is a trade organization for homebuilders in the greater Knoxville region.  *See* https://www.hbaknoxville.com/ (Last accessed May 11, 2026).  Relator The Tarbell Group, LLC, is seemingly an entity formed only to bring qui tam claims under the FCA using publicly available information.  *See, e.g., The United States ex rel The Tarbell Group, LLC v. American Academy of Facial Plastic and Reconstuctive Surgery Inc., et al.,* No. 1:24-CV-1245-LMB-IDD (E.D. Va.).  Relator filed the instant qui tam action in the Eastern District of Tennessee against multiple entities, including HBAGK, alleging they fraudulently obtained PPP loans despite being ineligible when they applied and certified eligibility.

Relator presents generic allegations as to each of the dozen-plus defendants without stating any specific actions or knowledge supporting Relator's claim as to individual defendants. In whole, Relator's allegations are:

> 39.  Each defendant did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.
>
> 40. Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.
>
> 41. Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

Compl. Doc. 1-6 at ¶¶ 39-41.  Relator's second allegation – that the second draw by HBAGK

was tainted by the first – uses equally generic allegations:

> 45.  Each of these defendants, and the individual defendants who acted on its behalf, did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.
>
> 46. Each of these defendants, and the individual defendants who acted on its behalf, did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it was eligible for PPP a second-draw Loan and forgiveness thereof and thereby receiving the same.

Compl. Doc. 1-6 at ¶¶ 45-46.

With regard to 501(c)(6) entities, such as HBAGK, Relator asserts that these entities were

excluded from PPP eligibility until December 27, 2020.  Using a grided chart attached to the

Complaint, Relator submits that HBAGK obtained a first-draw PPP loan approved on April 29,

2020, for $25,900, later forgiven on February 12, 2021, for $26,045.13, and further alleges

HBAGK received a second-draw PPP loan approved on March 8, 2021, for $24,190, later

forgiven on November 2, 2021, for $24,349.25.  *See* Doc. 1-7.  Relator characterizes the second

draw as "fruit of the poisonous tree" based on the alleged ineligibility of the first draw due to

HBAGK's status as a 501(c)(6).

Relator does not allege any unique involvement in the administration of the PPP program

as the source of the allegations pled in the Complaint.  Information regarding the PPP draws

made by HBAGK and the amounts is available in a public record found at

PandemicOversight.gov and various other government websites.

3

### III. LAW

The pleading of fraud-based claims is governed by Rule 9 of the Federal Rules of Civil Procedure, which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  As the Court of Appeals for the Sixth Circuit has explained:

> Because the basis for a qui tam action is fraud in the filing of claims against the government, we have held, as have other circuit courts in False Claims Act cases, that allegations in the complaint must comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). *Yuhasz*, 341 F.3d at 563; *see also Karvelas*, 360 F.3d at 228 (collecting cases). We have further interpreted Rule 9(b) to require that a plaintiff "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz*, 341 F.3d at 563 (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993)).  As a sister circuit has phrased it, "[a]t a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997) (citation omitted).

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876-77 (6th Cir. 2006).

More broadly, all claims presented in federal court are required by Rule 8 to contain "short and plain statement of the claim showing that the pleader is entitled to relief" *see* Fed. R. Civ. P. 8(a)(2).  Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation [and] 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may dismiss a claim where the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under this rule, the court tests the legal

4

sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the court "may consider 'the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.'" *Id.* (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

The FCA creates civil liability for any person who, inter alia, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1).

The Court of Appeals for the Sixth Circuit has stated the elements of a claim under the FCA as follows:

> First, the defendant must have made a false statement or created a false record, and must have done so with actual knowledge, deliberate ignorance, or reckless disregard of the truth or falsity of the information. Second, the defendant must have submitted a claim for payment to the federal government. Third, the defendant's false statement must have been made with the purpose of getting a false or fraudulent claim "paid or approved by the Government." Finally, the defendant's false statement or record must have been material to the government's decision to make the payment sought in the defendant's claim.

*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 505 (6th Cir. 2008) (cleaned up but citing *inter alia United States ex rel. Augustine v. Century Health Services*, 289 F.3d 409, 413 (6th Cir. 2002); *United States ex rel. Marlar v. BWXT Y-12, L.L.C.,* 525 F.3d 439, 447 (6th Cir. 2008); *Allison Engine Co., Inc. v. United States ex rel. Sanders*, 553 U.S. 662 (2008); *United States ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc.,* 400 F.3d 428, 443 (6th Cir. 2005)).

Additionally, the FCA's public disclosure bar mandates dismissal where substantially the same allegations or transactions were publicly disclosed through specified channels, unless relator is an original source.  It states:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>
> (i)      in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
> (ii)     in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
> (iii)    from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730 (e)(4)(A).

## IV.      ARGUMENT

Relator's claims against HBAGK fail to meet the standard of pleading with particularity set forth in Rule 9 of the Civil Rules of Procedure, and as a result, the claims must be dismissed. Alternatively, the claims fail to comply with Rule 8 of the Federal Rules of Civil Procedure and are also barred by public disclosure.  As a result, Relator's claims against HBAGK must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. The Complaint Fails Rule 9(b) Particularity

Relator does not satisfy Rule 9's requirement for pleading fraud with particularity. Relator has failed to identify a specific false statement, the document containing it, the individual who made it, or the circumstances of its presentment, with regard to either of HBAGK's loans, so as to satisfy either Rule 9 or the requirements of the FCA.

The Complaint asserts, in generalized terms, that each defendant "falsely certified" PPP eligibility and forgiveness, Compl., Doc. 1-6 at ¶¶ 39-40, but it does not identify who at HBAGK made any certification, when, where, or the contents of any particular false statement beyond the legal conclusion of ineligibility. The lack of any basic information as to the alleged violation is fatal to Relator's claim. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) ("In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'").

Relator's second cause of action is likewise deficient. Therein, Relator asserts that HBAGK's second-draw loan was unlawful solely because the first draw was allegedly unlawful, without additional particularized facts or scienter allegations specific to the second draw. *See* Compl. Doc. 1-6 at ¶¶ 45-46. As with the first, this claim also fails to comply with Rule 9's particularity standard.

The Complaint does not allege that HBAGK fraudulently benefitted by applying for a PPP loan in April of 2020 instead of December of 2020 or that the United States suffered any damages as a result of any of the PPP loans extended to the HBAGK. To the contrary, and as highlighted in the briefs of other co-defendants, confusion reigned at the onset of the PPP

program and was likely furthered by the United States' decision to fund PPP loans through credit unions and the like rather than the Department of Treasury. (*See, e.g.*, Doc. 52 at 7-8).

Relator's undeveloped and formulaic assertion that a FCA claim exists fails to develop a claim that can withstand scrutiny under Rule 8 – let alone Rule 9 – of the Federal Rules of Civil Procedure, and for that reason, any claims against HBAGK must be dismissed.

### B. The Complaint Fails to Allege that HBAGK Recklessly or Knowingly Submitted a False Statement.

As stated above, the elements of an FCA claim include: a false statement made with actual knowledge, deliberate ignorance, or reckless disregard of the truth or falsity of the information; a claim for payment to the federal government; that the false statement must have been made with the purpose of getting a false or fraudulent claim "paid or approved by the Government;" and that the defendant's false statement or record must have been material to the government's decision to make the payment sought in the defendant's claim. *U.S. ex rel. SNAPP, Inc.*, 532 F.3d at 505 (6th Cir. 2008). HBAGK submits that Relator has failed to plead any of these elements, but specifically, HBAGK draws the attention to the fact that Relator has not pled any facts that demonstrate HBAGK acted with actual knowledge, deliberate ignorance, or reckless disregard regarding eligibility. As such, Relator has failed to comply with its obligations under Rule 8 and its claims against HBAGK should dismissed. *See* Fed. R. Civ. P. 12(b)(6).

Beyond conclusory recitations that defendants acted "knowingly," the complaint alleges no facts showing HBAGK knew it was ineligible when certifying eligibility or forgiveness, or that any HBAGK representative subjectively believed such certifications were false. *United States ex rel. Angelo v. Allstate Ins. Co.,* 106 F.4th 441, 451 (6th Cir. 2024) ("With respect to the exemplars, we cannot accept the bare use of the terms 'knowingly' or 'knowledge' without evidence of what information Allstate knew, and when and how it knew it.").

Absent well-pleaded facts of knowledge, Relator's FCA claims against HBAGK fail as a matter of law.

**C.      The Public Disclosure Bar Requires Dismissal.**

Relator's allegations mirror information that has long been available in federal PPP loan data and related public sources; Relator pleads no non-public facts or original-source status. Instead, the Complaint relies on tabular PPP data, including borrower type, loan approval dates, forgiveness dates, and amounts, for HBAGK's loans. *See* Doc. 1-7. The Complaint contains no allegation that Relator provided the Government with non-public information prior to public disclosure or that Relator possesses knowledge independent of, and materially adding to, the publicly disclosed transactions.

The Court may consider the public records appearing at PandemicOversight.com, which provide the same information about HBAGK, as Relator has provided here. *See Roane Cnty*., No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *2. As demonstrated in the screenshot herein, the information about HBAGK and PPP loans is publicly available:



PandemicOversight.gov (last accessed April 23, 2026). Numerous courts have found that the government websites relied upon by Relator to find the information cited in the Complaint fall within the public disclosure bar. *See United States ex rel. Relator LLC v. Erskine,* No. 22CV1158-LL-AHG, 2025 WL 796621, at *4 (S.D. Cal. Feb. 25, 2025) ("The Court finds the

PandemicOversight.gov website is a 'federal report' for purposes of the public disclosure bar."); *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024) ("The Court agrees with Defendants that the website [PandemicOversight.gov] is a federal report."). As the Court of Appeals for the Sixth Circuit has explained, "individual plaintiffs cannot bring qui tam complaints based upon information already in the public domain," *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017), and there can be no doubt – based upon a public record from the United States itself – that the information forming the basis for the claims against HBAGK is publicly available.

The public disclosure bar forecloses this action because the PPP loan details Relator recites are publicly available, and there is an absence of any original-source allegation. It would be a wild deviation from the goals of the False Claims Act to allow Relator to profit from suits brought using this information. The Court should consider Relator's failure to plead that it was the source of any non-public information in this suit along with the public record embedded herein and dismiss the claims against HBAGK in their entirety.

## V. CONCLUSION

Based upon the foregoing, it is evident that Relator has failed to meet the pleading requirements of Rules 8 and 9 and that Relator's purported claims against HBAGK are barred by the public disclosure bar. Accordingly, Defendant HBAGK prays that the Court dismiss all claims against HBAGK in Relator's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and tax costs to Relator. In the alternative, HBAGK prays for such relief as the Court deems appropriate.

Respectfully Submitted,

**LONG, RAGSDALE & WATERS, PC**

Leah W. McClanahan, BPR #027603
1111 N. Northshore Drive #S-711
Knoxville, TN 37919
lmcclanahan@lrwlaw.com
(865) 584-4040

11