**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA EX REL., THE TARBELL GROUP, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1-25-CV-111** |
| **BRISTOL TN-VA ASSOCIATION OF REALTORS, ET AL.,** | ) | |
| **Defendants.** | ) | |

**<u>RESPONSE IN OPPOSITION TO MOTION FOR A CONSOLIDATED RESPONSE</u>**

On May 20, the Plaintiff filed a motion "for leave to file a consolidated opposition to defendants' motions to dismiss, with a due date of July 8, 2026." ECF No. 78. Defendant Fort Loudoun Yacht Club ("FLYC") opposes this motion for a consolidated opposition to separate Motions to Dismiss. Defendant FLYC filed the first Motion to Dismiss, and the Plaintiff is scheduled to respond to this Motion on June 2, 2026. In addition to filing a Motion to Dismiss on matters of law, Defendant FLYC provided documents to the Plaintiff which show that it disclosed its status as a 501(c)(7) entity at the outset of its one PPP loan application. Defendant FLYC respectfully requests that the Court rule on its Motion to Dismiss as currently scheduled and that it not be tied to other unrelated Defendants.

The Plaintiff misjoined the twenty-two (22) Defendants in this Complaint. A consolidated response to twenty-two (22) separate Motions to Dismiss would not be necessary if the Plaintiff had not improperly joined these Defendants. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join defendants in an action <u>only</u> if the plaintiff (1) asserts a right to relief arising

from the same transaction or occurrence, or series of transactions and occurrences; and (2) his action will involve any question of law or fact common to all the defendants. *Kokinda v. Pa. Dep't of Corr.,* 663 F. App'x 156, 158 (3d Cir. 2016).

The relief sought in the Complaint does not arise from the same transaction or occurrence, or series of transactions and occurrences as required by Rule 20(a)(2). Defendant FLYC does not know the other twenty-one (21) Defendants (although there is no reason to doubt that these Defendants are honorable organizations.) The Defendants are different entities—associations of doctors, law enforcement officers, homebuilders, realtors, Chambers of Commerce, and golf and boating clubs. The Defendants are unrelated, and their PPP loans are completely separate and unrelated from one another. The Complaint does not and cannot allege any coordination or conspiracy between the Defendants. The Complaint does not and cannot allege that these PPP loans arose out of the same transactions or occurrences, or that the Defendants acted in concert, as required by the joinder requirements in Rule 20(a)(2). Some Defendants in the Complaint received one PPP loan; others received two loans. The unrelated Defendants used different banks and applied for different loans in different amounts at different times and in difference cities. The *only* similarity among the Defendants is that each is a 501(c)(7) organization that allegedly applied for a PPP loan before they became officially eligible months later.

The decision in *DIRECTV, Inc. v. Collins*, 244 F.R.D. 408, 410 (S.D. Ohio 2007) is instructive. In *DIRECTV*, the court ruled that the Plaintiff improperly joined multiple Defendants in a complaint under Rule 20(a)(2). "Even construing the transactional relatedness element liberally [under Rule 20], it is abundantly clear that Plaintiff's Complaint does not meet this requirement. The only similarity between the Defendants is that they allegedly intercepted the

same satellite signal. There is no indication that the Defendants herein acted in concert with each other, or even that they knew each other." *Id.* The same reasoning is even more true in this case.

It appears that the Relator filed one complaint against twenty-two unrelated Defendants for strategic reasons, i.e. to eliminate the need for separate filing fees and to make the complaint appear more substantial. Had the Plaintiff filed separate complaints against each Defendant, each complaint would have been only a few pages long, which would further show that this FCA suit failed to meet the heightened pleading requirements in Federal Rule of Civil Procedure 9(b). Moreover, the Relator has indicated that it will move to sever some Defendants if the Complaint survives the Motions to Dismiss. But this illustrates the misjoinder in this case. The Plaintiff should not be allowed to improperly join unrelated Defendants for strategic reasons and later move to sever Defendants for different strategic reasons if it survives a Motion to Dismiss.

Defendant FLYC is not moving to sever; the Court can sever *sua sponte* if it sees fit. Defendant FLYC brings this misjoinder to the Court's attention only to make the point that if the Plaintiff had not misjoined twenty-two Defendants, a consolidated response to different Motions to Dismiss would not be necessary—and Defendant FLYC would have its Motion to Dismiss heard as scheduled. As noted earlier, Defendant FLYC filed the first Motion to Dismiss and subsequently provided documents to the Plaintiff which show that it disclosed its status as a 501(c)(7) entity during the PPP loan process. Given the "quasi-criminal nature of FCA violations," it is understandable that Defendant FLYC wants to clear its name as soon as possible. *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006).

In conclusion, it would cause little inconvenience to the Plaintiff to file separate responses to the Motions to Dismiss because the legal arguments regarding Rule 9(b) and the public disclosure bar will be the same for all twenty-two Defendants. And it could save the Court judicial

resources if it granted Defendant FLYC's at the outset as such a ruling could expedite the resolution of the entire case.

The undersigned met and conferred with the Relator's Counsel via numerous emails, and the parties were unable to resolve this matter.

Respectfully submitted,

/s/ Rhett DeHart
M. Rhett DeHart (SC Fed. ID 7777)
Adams and Reese LLP
151 Meeting Street, Suite 301
Charleston, SC 29401
Tel. (843)-769-1546
Rhett.Dehart@arlaw.com

/s/ Brent E. Siler
Brent E. Siler (TN BPR 022289)
ADAMS & REESE, LLP
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Tel: (901) 525-3234
Fax: (901) 524-5373
Brent.siler@arlaw.com

*Attorneys for Defendant Fort Loudoun Yacht Club, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2026, the foregoing Response in Opposition to Motion for Consolidated Response was electronically filed using the Court's ECF filing system. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

/s/ Rhett DeHart
Rhett Dehart
Brent E. Siler
Attorneys for Defendant Fort Loudoun Yacht Club, Inc.