# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES ex rel. | ) | |
| THE TARBELL GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-111-TRM-MJD |
| | ) | |
| v. | ) | District Judge McDonough |
| | ) | Magistrate Judge Dumitru |
| BRISTOL TN-VA ASSOCIATION OF | ) | |
| REALTORS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

COMES NOW Defendant, Oak Grove Cemetery Association ("Defendant" or "Oak Grove"), by and through undersigned counsel, and, in support of its *Motion to Dismiss* filed contemporaneously herewith, submits this *Memorandum of Law in Support of Motion to Dismiss* the *Complaint* filed by The Tarbell Group, LLC ("Plaintiff"), and would show this Honorable Court as follows:

### BACKGROUND

The Plaintiff filed a *qui tam* complaint ("*Complaint*") on April 2, 2025, against twenty-two nonprofit clubs and associations, including Oak Grove, alleging the defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3729, by applying for and receiving forgiveness of United States Small Business Administration ("SBA") paycheck protection program ("PPP") loans when they

were not eligible to do so. [Docs. 1-6, 1-7.] On January 7, 2026, the United States filed a notice declining to intervene in this action. [Doc. 19.] Plaintiff, however, is proceeding with this action.

As alleged in the *Complaint*, Oak Grove is a tax-exempt 501(c)(13) organization. [Doc. 1-6, PageID #: 75.] The gravamen of Plaintiff's FCA cause of action against Oak Grove is that Oak Grove applied for and received a first-draw PPP loan before it became eligible to do so on March 11, 2021. [*Id.* at PageID #: 75–76.] Notably, however, the Plaintiff has not pleaded facts identifying the date Oak Grove actually applied for its first-draw PPP loan, the details of or statements made on its PPP loan application, the date Oak Grove actually received PPP loan funds, the date Oak Grove applied for forgiveness of its first-draw PPP loan, the details of or statements made on its PPP loan forgiveness application, nor does Plaintiff identify any allegedly false statements, fraudulent intent, scienter, or other applicable details necessary for determining Oak Grove's eligibility for a first-draw PPP loan. [*See generally id.*]

Oak Grove has filed a *Motion to Dismiss* the Plaintiff's *Complaint* pursuant to Federal Rule of Civil Procedure 9(b) and Federal Rule of Civil Procedure 12(b)(6), and contemporaneously submits this accompanying memorandum in support thereof pursuant to E.D. Tenn. L. R. 7.1(a). For the reasons set forth below, the Court should dismiss the Plaintiff's *Complaint*.

## ARGUMENT

**The Court should dismiss the *Complaint* because it fails to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6).**

a.    **The Legal Standard.**

"A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint." *Kassab v. Araf Hop*, No. 22-cv-12454, 2026 U.S. Dist. LEXIS 88782, at *4 (E.D. Mich. Apr. 22, 2026). In considering a motion to dismiss, the court "must determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Spence v. Carson*,

No. 1:24-cv-054, 2025 U.S. Dist. LEXIS 254601, at *3 (E.D. Tenn. Dec. 9, 2025) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do[,]' nor will 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Thus, a reviewing court asks whether the complaint contains 'factual content that allows [it] to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

To make this determination, the court "construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations," but "[t]his assumption of truth, however, does not extend to 'allegations that are conclusory or require unwarranted inferences based on the alleged facts' . . . or to a legal conclusion couched as a factual allegation." *Id.* (quoting *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) and *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Additionally, "[a] district court is not permitted to consider matters beyond the complaint[] when considering a motion to dismiss under Rule 12(b)(6)." *Ragsdale*, 2025 U.S. Dist. LEXIS 551941, at *4 (citing *Mediacom Se. L.L.C. v. BellSouth Telcoms., Inc.*, 672 F.3df 396, 399 (6th Cir. 2012)). "A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss 'so long as they are referred to in the [c]omplaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Id.* (quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)).

Further, Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has "interpreted Rule 9(b) to require that a plaintiff 'allege the time, place, and content of

the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

Oak Grove has moved to dismiss the *Complaint* under Federal Rules of Civil Procedure 9(b) and 12(b)(6) because, even construing the *Complaint* in the light most favorable to the Plaintiff and assuming the truth of all well-pleaded factual allegations, the *Complaint* fails to satisfy the heightened pleading standard required by Rule 9(b) and fails to state a claim upon which relief can be granted under Rule 12(b)(6).

**b.     The *Complaint* fails to satisfy the heightened pleading standard required by Federal Rule of Civil Procedure 9(b).**

"Rule 9(b) requires relators to adequately allege the entire chain—from start to finish—to fairly show defendants caused false claims to be filed" *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017), and "pleading an actual false claim with particularity is an indispensable element of a complaint that alleges a FCA violation." *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 506 (6th Cir. 2009).  As the Sixth Circuit has recognized:

> . . . in *qui tam* actions, the heightened requirements of Rule 9(b) are met by a complaint that sets out (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the government, and (4) what the defendants obtained as a consequence of the fraud.

*Sanderson*, 447 F.3d at 877 (quoting *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)). Here, Plaintiff's *Complaint* plainly does not satisfy the heightened pleading standard of Rule 9(b).

The Plaintiff specifically mentions Oak Grove in the *Complaint* only one time.  [Doc. 1-6, PageID #: 75.]  The *Complaint* then generally lumps Oak Grove in with twenty-one other defendants to allege that, "by falsely certifying that it . . . was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same," Oak Grove violated the FCA.  [*Id.* at PageID #: 77.]  However, these allegations do not state with particularity "the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9.

Specifically, the *Complaint* does not allege who at Oak Grove completed and submitted the PPP loan application.  [*See generally* Doc. 1-6.]  The *Complaint* does not identify "precisely what statements were made in what documents" that constituted a "false" statement, record, or claim.  [*Id.*]  The *Complaint* does not state the "time and place" of any alleged "false" claim or statement made by Oak Grove, nor does the *Complaint* set forth "the content of such statements and the manner in which [Oak Grove] misled the government . . . ."  *Sanderson*, 447 F.3d at 877. Essentially, all the *Complaint* asserts is that Oak Grove is a tax-exempt 501(c)(13) nonprofit organization that prematurely obtained a PPP loan prior to when it became eligible on March 11, 2021.  [*Id.* at PageID #: 75–77.]  And the Plaintiff's bare allegations in its *Complaint* are not saved by the information included in the table attached to the *Complaint*.  [Doc. 1-7, PageID #: 80–81.] The table merely provides basic information with respect to Oak Grove's first-draw PPP loan—it still does not identify any of the information required by Rule 9(b)'s heightened pleading standard. Fed. R. Civ. P. 9(b); *see also Sanderson*, 447 F.3d at 877.

Further, the *Complaint* brazenly asserts (without even stating "upon information and belief") that Oak Grove "knowingly" made a false claim, statement, and/or record when it applied for its first-draw PPP loan, but makes no showing of facts to indicate Oak Grove "knowingly" did so as opposed to submitting a loan application based on a mistake or a misunderstanding of the

eligibility requirements of the SBA's program. [Doc. 1-6, PageID #: 77.] On its face, the *Complaint* alleges only that the PPP loan was acquired *prematurely*, not fraudulently. The *Complaint* does not allege that Oak Grove was a part of a fraudulent scheme with regard to the SBA's program, that Oak Grove intentionally or knowingly committed fraud with regard to the PPP Program, or that Oak Grove fraudulently benefited by applying for a PPP loan before March 11, 2021. Indeed, the Plaintiff fails to allege the United States suffered any damages due to Oak Grove's early application for and subsequent approval of the PPP loan on May 8, 2020.

Accordingly, the Court should dismiss the *Complaint* for failure to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

**c. The *Complaint* fails to state a claim upon which relief can be granted because its barred by the public disclosure bar in 31 U.S.C. § 3730(e)(4)(A).**

Under 31 U.S.C. § 3730(e)(4)(A), the "court shall dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The Sixth Circuit generally applies a "three-part test to determine whether the public disclosure bar precludes an otherwise valid FCA claim." *United States ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 823 (6th Cir. 2021). As the Sixth Circuit has stated:

> "First, we ask whether, before the filing of the *qui tam* complaint, there had been any public disclosures from which fraud might be inferred." *Maur*, 981 F.3d at 522. Second, we assess how closely related the allegations in the complaint are to those in the public disclosures. *Id.* "And third, we ask whether the *qui tam* plaintiff nevertheless is an original source of the information."

*Id.* Further, "[a] disclosure is public if it appears in the news media," *see id.*, and "many court[s] have held that information on readily accessible public websites constitutes public disclosure."

- 6 -

*United States ex rel. Osheroff v. Healthspring, Inc.*, 938 F. Supp. 2d 724, 732–33 (M.D. Tenn. Apr. 5, 2013). Further, "a statement or allegation satisfies the inference-of-fraud element if 'the information is sufficient to put the government on notice of the likelihood of related fraudulent activity," and "need merely to disclose the information which creates 'an inference of impropriety.'" *Rahimi*, 3 F.4th at 823 (internal citations omitted). The Sixth Circuit recognizes that "a public disclosure can also be piecemeal so long as the multiple sources of information reveal the allegation of fraud and its essential elements," stating:

> "Courts use the following formula to explain that concept: If X + Y = Z, Z represents the *allegation* of fraud and X and Y represent its essential elements." *Holloway*, 960 F.3d at 844 (quoting *Jones*, 160 F.3d at 331) (internal quotation marks and brackets omitted). "In order to disclose the fraudulent *transaction* publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed." *Id.* (quoting *Jones*, 160 F.3d at 331).

*Rahimi*, 3 F.4th at 824.

Here, assuming Plaintiff's allegations are true, there existed "public disclosures from which fraud might be inferred" before the filing of Plaintiff's *Complaint*. Specifically, all of the same information identified in the table attached to Plaintiff's *Complaint* is available on readily accessible public websites. Attached to Oak Grove's *Motion to Dismiss* as **Exhibits A** and **B** are snapshots from ProPublica and Pandemic Oversight—two readily accessible public websites— essentially containing all of the information in the table attached to the *Complaint*. And attached as **Exhibit C** to Oak Grove's *Motion to Dismiss* is a snapshot from ProPublica showing Oak Grove as a tax-exempt 501(c)(13) nonprofit organization since "Nov. 1942."[1]

---

[1] Pursuant to Fed. R. Evid. 201, Oak Grove requests the Court take judicial notice of this publicly available information online because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Necessary information related to this request can be found here: https://projects.propublica.org/nonprofits/organizations/620312377; https://projects.propublica.org/coronavirus/bailo

Accordingly, the public disclosure of this information effectively put the government on notice of the possibility of fraud. Anyone with a computer could have looked up this information on readily accessible public websites to determine that Oak Grove is a tax-exempt 501(c)(13) entity, that it was approved for a PPP loan May 8, 2020, and that 501(c)(13) entities were not eligible for PPP loans until March 11, 2021. Therefore, "substantially the same allegations or transactions as alleged in [the Plaintiff's *Complaint*] were publicly disclosed . . . from the news media" prior to filing of this *Complaint* on April 2, 2025.

Once the "public disclosure" requirement has been met, the Court "shall dismiss the action" unless the relator is an original source of the information. 31 U.S.C. § 3730(e)(4)(A). A person is an original source if, before the public disclosure, that person has voluntarily disclosed to the government the information on which the transaction in a claim is based, or that a person has knowledge that is independent of, and materially adds to, the publicly disclosed transactions. 31 U.S.C. § 3730(e)(4)(B). But the Plaintiff makes no assertion to be "an original source of the information." [*See generally* Doc. 1-6.]

## CONCLUSION

For the foregoing reasons, the Court should grant Oak Grove's *Motion to Dismiss* and enter an order dismissing the Plaintiff's *Complaint* with prejudice.

---

uts/loans/oak-grove-cemetery-association-4029787410; and https://www.pandemicoversight.gov/data-interactive-tools/dashboards-datasets/ppp-dashboard.

Respectfully submitted this 21st day of May, 2026.

OAK GROVE CEMETERY ASSOCIATION


By: /s/ John E. Owings
John E. Owings, BPR # 013373
Gavin A. Smelcer, BPR #039202
900 South Gay Street, Suite 800
Knoxville, Tennessee 37902
*Telephone* (865) 521-3007
*Fax* (865) 522-7929
*E-mail* jeowings@owclaw.com
gsmelcer@owclaw.com

*Counsel for Defendant*
*Oak Grove Cemetery Association*

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of May, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which sends notifications of such filings to all registered participants.


/s/ John E. Owings
John E. Owings, Esq.