| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., THE TARBELL GROUP, LLC, | |
| *Plaintiff-Relator*, | |
| v. | No. 1:25-CV-111-TRM-MJD |
| BRISTOL TN-VA ASSOCIATION OF REALTORS, et al., | |
| *Defendants*. | |

## DEFENDANT TENNESSEE VALLEY PUBLIC POWER ASSOCIATION INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Tennessee Valley Public Power Association, Inc. ("TVPPA") moves to dismiss Relator's claims under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

## I.     INTRODUCTION

This is a *qui tam* lawsuit under the False Claims Act ("FCA"), 31 U.S.C. § 3729.  The FCA is an anti-fraud statute enacted for the purpose of "encourag[ing] private individuals who are aware of fraud being perpetrated" against the federal government and about which the federal government is unaware "to bring such information forward."  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). Conversely, the FCA is not a vehicle for private plaintiffs to bring fraud claims based on publicly available facts about which the federal government has knowledge. *See United States ex rel. Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 958 F. Supp. 2d 846, 855 (E.D. Tenn. 2013).  Accordingly, FCA claims based on publicly available information are statutorily barred.  31 U.S.C. § 3730(e)(4)(A).

Relator's claims against TVPPA are subject to the FCA public disclosure bar because "substantially the same allegations or transactions as alleged in the [complaint] were publicly disclosed" and known to the United States before the complaint was filed, and Relator "does not claim to be the original source of the information." *Id*. Additionally, Relator's complaint fails to meet the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). Because Relator has failed to state a plausible claim upon which relief can be granted against TVPPA, the Court should dismiss TVPPA from this action. Because Relator cannot overcome the public disclosure bar or its pleading deficiencies by amendment, the dismissal should be with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Relator is a serial filer of FCA cases.[1] In this case, Relator alleges Defendants, due to their specific tax-exempt status, were each ineligible for but nevertheless received Paycheck Protection Program ("PPP") loans from the United States Small Business Administration ("SBA") under the CARES Act. (*See generally* Compl., Doc. 1.) Beyond that generalization, the complaint is devoid of allegations linking Defendants together by a common nucleus of operative facts. It therefore appears that Relator has joined unrelated Defendants—most of which received relatively small PPP loans (*see* Compl. App'x of Loan Amts., Doc. 1-7)—to aggregate alleged damages into what Relator considers a worthwhile FCA case.[2]

According to the complaint, each Defendant made false statements to the United States, thus triggering FCA liability, by self-certifying its eligibility for a PPP loan and subsequent loan forgiveness in applications submitted to the SBA. (*Id*. at ¶ 29.) But those applications—the only

[1] According to a PACER search, Relator has filed at least 13 other FCA cases in various jurisdictions.

[2] Relator filed this action on March 2, 2025. (Compl., Doc. 1.) On January 7, 2026, the United States declined to intervene. (United States' Declination, Doc. 19.)

documents that contain any alleged actionable false eligibility certification (*id*. at ¶¶ 11, 29, 34)—are not publicly available and are not attached to the complaint. And, critically for purposes of this motion, Relator claims no special access to PPP applications beyond what any member of the public might discover through routine internet sleuthing.

As a result, Relator makes only the barest allegations about TVPPA. Relator first alleges TVPPA "is a Tax-Exempt 501(c)(6) Organization[,]" and provides TVPPA's mailing address from "the loan application[s] at issue[.]" (*Id*. at ¶ 11.) That's it for TVPPA.

Relator alleges Defendants were required to "certify [their] eligibility under the PPP Program[,]" when applying for PPP loans. (*Id*. at ¶ 29). Relator also alleges, "The PPP Program excluded Tax-Exempt 501(c)(6) organizations from eligibility until December 27, 2020." (*Id.* ¶ 30.) From those general allegations, Relator concludes Defendants presented a "false claim" to the United States because it was "ineligible to receive . . . PPP Loan(s) at the time [TVPPA] applied for and received approval for the same." (*Id.* ¶ 37–41.)

The complaint contains no allegations about who certified TVPPA's eligibility or when the certification was made, what type of investigation preceded the certification, what regulatory guidance from the SBA or other government departments or agencies informed the certification, or what was the nature and extent of TVPPA's knowledge of the PPP loan program or the content of its PPP applications. Again, this is because PPP applications are not public. However, certain information about borrowers provided in those applications—such as addresses and loan amounts, the only specific information about TVPPA alleged in the complaint—is.

After the submission of the first round of PPP loan applications, the SBA announced that it and the United States Department of the Treasury would disclose, among other things, business names, addresses, non-profit information, jobs supported, and loan amounts. (*See* SBA News Release 20-51, <u>Ex. 1</u> to Mot.) The SBA and Treasury have since disclosed that information for all

3

PPP borrowers. Numerous other sources, including news media outlets, have reported the same information.  For example, TVPPA's 501(c)(6) tax-exempt status is publicly available on the IRS Tax-Exempt Organization Search site.  (Ex. 2 to Mot.)  The details of TVPPA's PPP loans are published on the SBA website, on websites tracking government spending such as PandemicOversight.gov and USASpending.gov, and on news media and public interest websites like ProPublica.org and USAToday.com.  (Exs. 3–6 to Mot.)  Under these circumstances, it is reasonable to conclude that the threadbare allegations of the complaint are derived entirely from publicly available information.

## III.    STANDARD OF REVIEW

A complaint should be dismissed under Rule 12(b)(6) if it fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'"  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When considering a motion to dismiss, courts view the complaint in the light most favorable to the plaintiff, presume the truth of all well-pleaded factual assertions, and draw every reasonable inference in the non-movant's favor.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  Courts should dismiss a complaint where "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Herhold v. Green Tree Svcg., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir. 2003)).  To survive dismissal, complaints generally must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, courts are not required to presume the truth of bare legal conclusions stated as facts.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  Further, where a complaint asserts fraud claims, including in FCA cases, Rule 9(b)'s heightened pleading standard requires the claim to be plead with particularity.  *See, e.g.*, *Sanderson v. HCA-The Healthcare Co.*,

4

447 F.3d 873, 877 (6th Cir. 2006). As the Sixth Circuit has noted, "At a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Id.* The failure to meet this heightened standard requires dismissal of a complaint. *Id.* at 879.

## IV.    ARGUMENT

Relator's complaint is the type of "parasitic" litigation the FCA public disclosure bar is intended to preclude. *See, e.g.*, *United States ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 822 (6th Cir. 2021). Relator's complaint also fails to meet basic pleading requirements, much less to satisfy the requirement that fraud allegations must be specifically pled. Accordingly, the complaint should be dismissed.

### A.    The Court Should Dismiss Relator's Claims Against TVPPA Because They Are Prohibited by the FCA Public Disclosure Bar.

The FCA imposes liability on any entity that "*knowingly* presents, or causes to be presented, a false or fraudulent claim" to the United States for payment or approval. 31 U.S.C. § 3729(a)(1)(A) (emphasis added). To promote enforcement and help identify fraudulent conduct unknown to the government, Congress provided for private "relators" to bring *qui tam* actions on behalf of the United States. 31 U.S.C. § 3730(b)(2). An FCA relator is entitled to a portion of the money awarded to the United States in a successful *qui tam* case. 31 U.S.C. § 3730(d). As this Court understands, "[T]he [FCA] award to the relator has the side effect of encouraging *opportunistic plaintiffs to bring parasitic lawsuits in the hopes of profiting from public information*." *United States ex rel. White v. Gentiva Health Servs., Inc.*, No. 3:10-CV-394-PLR-CCS, 2014 WL 2893223, at *1 (E.D. Tenn. June 25, 2014) (emphasis added). So, "[t]o encourage private citizens to expose fraud while discouraging opportunistic plaintiffs, the [FCA] bars certain *qui tam* actions, including *qui tam* actions . . . based on a fraud that has already been publicly

5

disclosed." *Id.*; *see also Rahimi*, 3 F.4th at 822 (6th Cir. 2021) (discussing the public disclosure bar) (quoting *United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 521–22 (6th Cir. 2020)).

The FCA specifically directs courts to "dismiss an action or claim under this section . . . if substantially the same allegations or transactions alleged . . . were publicly disclosed . . . in a . . . Federal report, hearing, audit, or investigation; or . . . from the news media[,]" unless the relator is an "original source." 31 U.S.C. § 3730(e)(4)(A). In short, this public disclosure bar means that "individual plaintiffs cannot bring *qui tam* complaints based upon information already in the public domain." *United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017) (citing 31 U.S.C. 3730(e)(4)). In the Sixth Circuit, courts are directed to "apply a three-part test to determine whether the public-disclosure bar precludes an otherwise valid FCA claim." *Rahimi*, 3 F.4th at 823 (quoting *Maur*, 981 F.3d at 522). Courts must (1) "ask whether, before the filing of the *qui tam* complaint, there had been any public disclosures from which fraud might be inferred[;]" (2) "assess how closely related the allegations in the complaint are to those in the public disclosures [;]" and (3) "ask whether the *qui tam* plaintiff is nevertheless an original source of the information." *Id.* (quoting *Maur*, 981 F.3d at 522).

Where "the information about both a false state of facts and the true state of facts has been disclosed, [courts] [will] find that there has been an adequate public disclosure because fraud is implied." *Id.* at 823–24 (quoting *United States ex rel. Poteet v. Medtronic Inc.*, 552 F.3d 503, 507 (6th Cir. 2009). In the Sixth Circuit, "a public disclosure can also be piecemeal so long as the multiple sources of information reveal the allegation of fraud and its essential elements." *Id.* Essentially, regardless of whether the information in a complaint comes from one or more official or unofficial public disclosures, FCA claims are barred when "the exposed elements, taken together, provide adequate notice that there has been a fraudulent transaction." *United States ex rel. Holloway v. Heartland Hospice, Inc.*, 960 F.3d 836, 851 (6th Cir. 2020); *see also Stratienko*,

958 F. Supp. 2d at 857 (recognizing publicly available information that puts the government on notice of the likelihood of related fraudulent activity is sufficient to invoke the public disclosure bar).  The Sixth Circuit has explained this concept by instructing "[c]ourts [to] use the following formula…:  If X + Y = Z, Z represents the *allegation* of fraud and X and Y represent its essential elements." *Rahimi*, 3 F.4th at 824 (quoting *Holloway*, 960 F.3d at 844 (quoting *Jones*, 160 F.3d at 331)). In this case, both X (TVPPA's non-profit status) and Y (TVPPA's loan application information) were known to the federal government and, thanks to the internet, to the public at large. Accordingly, a FCA *qui tam* action is improper, and Relator should not be permitted to capitalize on public knowledge for individual gain.

Courts across the country[3] have found the public disclosure bar requires dismissal of PPP loan fraud cases brought under the *qui tam* provisions of the FCA based on publicly available

---

[3] Courts appear to consistently reach the same conclusion in similar cases: dismissal is proper under the FCA's public disclosure bar where a relator's claims are substantially similar to information published on federally maintained websites and/or by news media sources. *See United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *3–5 (E.D. Cal. Aug. 6, 2024) (dismissing FCA claims regarding the defendant's PPP loans where the facts in the complaint were substantially similar to information available on PandemicOversight.gov); *see also United States ex rel. Relator LLC v. Erskine*, No. 22CV1158-LL-AHG, 2025 WL 796621, at *6–7 (S.D. Cal. Feb. 25, 2025) (dismissing FCA claims related to PPP loans where the allegations in the complaint were substantially similar to information on PandemicOversight.gov and other sources, and the complaint failed to plead fraud with particularity); *Seikel v. Alvarez*, No. CR 1:23-CV-01, 2024 WL 1315869, at *4 (N.D. W. Va. Mar. 27, 2024) (dismissing FCA claims related to PPP loans where the information in the complaint was publicly available online and because the plaintiff failed to plead fraud with the requisite particularity); *Relator LLC v. Lim*, No. 22-CV-04715-AGT, 2025 WL 4052367, at *7 (N.D. Cal. Apr. 22, 2025) (dismissing FCA claims regarding PPP loans where the facts in the complaint were substantially similar to information available on PandemicOversight.gov); *United States v. Minnesota Orchestral Ass'n*, No. CV 23-3216 (PAM/SGE), 2025 WL 1953120, at *3 (D. Minn. July 16, 2025) (dismissing FCA claims related to PPP loans because the facts sustaining the plaintiff's claims were publicly available on the SBA's website, ProPublica, and other sources, and the complaint failed to satisfy Rule 9); *United States ex rel. Akeel & Valentine, PLC*, No. 24 CV 00047, 2025 WL 2930796, at *7–8, 12 (N.D. Ill. Oct. 15, 2025) (dismissing FCA claims related to PPP loans where the facts in the complaint were substantially similar to information available on PandemicOversight.gov and in news articles); *United States v. Sunshine*, No. 8:23-CV-00134-JVS-ADS, 2025 WL 3248707, at *5–9 (C.D. Cal. Oct. 23, 2025) (dismissing portions of FCA

7

information from government or news media websites.  *See, e.g.*, *United States ex rel. Relator LLC v. Kellog*, No. 23-CV-118-CAB-BLM, 2025 WL 897439, at *4 (S.D. Cal. Mar. 24, 2025).  In *Kellog*, for example, a relator sued a country club that allegedly falsely certified its eligibility for a PPP loan.  *Id.* at *1.  The court found the alleged falsity of the certification was publicly available through PandemicOversight.gov and other news media sources that mentioned the defendant was a private country club, a type of entity ineligible for PPP loans.  *Id.* at *3.  The district court thus dismissed the relator's complaint because the material elements of the alleged fraud were publicly disclosed and permitted an inference the defendant had committed fraud, satisfying the public disclosure bar's requirements.  *Id.* at *4.  The dismissal was with prejudice.  *Id*. at *5.

Here, too, Relator has not alleged "any information that materially adds to the public disclosures," including disclosures on the same website addressed in *Kellog*, PandemicOversight.gov, "or shows that Relator has any independent knowledge of the alleged fraud."  *Id*. at *4.  Accordingly, Relator's claims against TVPPA should likewise be dismissed with prejudice.

---

claims based on information disclosed on PandemicOversight.gov and ProPublica, and then dismissing the other claims with leave to amend for failing to plead fraud with particularity); *United States v. Hodges*, No. 2:22-CV-05200-FWS-GJS, 2025 WL 3724906, at *3 (C.D. Cal. Nov. 7, 2025) (granting a mortgage servicer's motion to dismiss where applicable public websites showed the company was not eligible for a PPP loan but the company had applied for and received a PPP loan); *United States v. Shupe*, No. 2:23-CV-00504-WLH-JPR, 2025 WL 4000282, at *5 (C.D. Cal. Nov. 13, 2025) (dismissing FCA claims related to PPP loans where the fact the defendant was a private country club, and thus ineligible for PPP loans, was published in news articles online); *United States ex rel. Relator LLC v. Nations Dir. Mortgage*, No. 2:22-CV-04784-SPG-MAA, 2026 WL 453464, at *3–5 (C.D. Cal. Jan. 5, 2026) (dismissing FCA claims regarding PPP loans where the facts in the complaint were substantially similar to information available on PandemicOversight.gov); *United States ex rel. Relator LLC v. Cardinalli*, No. 5:23-CV-00113-HDV-DTB, 2026 WL 391430, at *4–5 (C.D. Cal. Feb. 9, 2026) (dismissing FCA claims related to PPP loans where the fact the defendant was a private country club, and thus ineligible for PPP loans, was published in news articles online).

**B.**     **The Complaint Should Be Dismissed for Failure to Satisfy the Pleading Requirements of Federal Rules of Civil Procedure 8(a) and 9(b).**

Relator's complaint also should be dismissed because its rote narration of FCA provisions without TVPPA-specific allegations does not comply with the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b).

Under Rule 8(a), courts should dismiss complaints that provide merely "a formulaic recitation of the elements" of a cause of action. *Twombly*, 550 U.S. at 555. And courts are not required to accept as true legal conclusions presented as factual allegations. *Iqbal*, 556 U.S. at 678–79. Relator's complaint does exactly what is prohibited: it incants the basic elements of an FCA claim and draws the legal conclusion that TVPPA's loan application—a document Relator does not have—violates the statute. The complaint is devoid of specific allegations about any Defendant (beyond their addresses and tax-exempt status), the false claims at issue, how the claims were false, why the claims are material, or who made the false claims. The complaint also makes no *factual* allegations about the key element of scienter—whether TVPPA knew or recklessly disregarded the alleged falsity of its eligibility certification. (Doc. 1 at ¶¶ 39–41 (parroting the FCA to make legal conclusions about Defendants' knowledge solely in the "Causes of Action" section of the complaint).) The complaint thus fails to plead "enough *facts* to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis added).

The complaint also fails to "meet the heightened pleading standards of Civil Rule 9(b)[,]" a requirement for all *qui tam* cases under the FCA. *Hirt*, 846 F.3d at 880 (citing *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). Rule 9 specifically requires that, "[i]n all averments of 'fraud or mistake,' the plaintiff must state with 'particularity the circumstances constituting fraud or mistake.'" *Id.* at 880–81 (quoting Fed. R. Civ. P. 9(b)). Essentially, "[t]he identification of at least one false claim with specificity is an indispensable

9

element of a complaint that alleges a False Claims Act violation." *United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 196 (6th Cir. 2021) (alterations in original) (quoting *Hirt*, 846 F.3d at 881). The "heightened pleading standard is . . . designed to prevent 'fishing expeditions' to protect defendants' reputations from allegations of fraud and to narrow potentially wide-ranging discovery to relevant matters." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (citations omitted). As the Supreme Court has emphasized: "The False Claims Act is not 'an all-purpose antifraud statute,' or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016) (citations omitted).

To survive a motion to dismiss, a FCA complaint must allege facts plausibly showing the defendant "knowingly" made a false claim. 31 U.S.C. § 3729(a)(1). The FCA defines "knowingly" to mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). Relator cannot meet this standard for the same reason its complaint is subject to the public disclosure bar: Relator has no personal knowledge of alleged fraud by TVPPA (or any other Defendant). And Relator cannot bridge that gap with conclusory, extrapolated facts it assumes to be true from limited publicly available information.

The complaint alleges TVPPA is a 501(c)(6) organization and that, until December 27, 2020, "[t]he PPP Program excluded" such organizations from eligibility. (*Id*. at ¶¶ 11, 30.) The complaint then jumps to the conclusion that TVPPA "applied for and received one or more PPP Loans [and, subsequently, forgiveness of such loans] for which it was legally ineligible." (*Id*. at ¶¶ 35–36.) But Relator makes *no factual allegation* that TVPPA knew or should have known of its alleged ineligibility. (*See id*. at ¶¶ 3–36.) The only assertion about TVPPA's knowledge found

10

in the complaint appears in Relator's recitation of the elements of a FCA cause of action—but even then, there is no specific allegation about TVPPA. (*Id.* ¶¶ 37–41.) This is insufficient. *Ashcroft*, 556 U.S. at 663–64 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]"); *see also Kovalchuk v. City of Decherd, Tenn.*, 2022 WL 19264280, *3–4 (E.D. Tenn. Dec. 9, 2022) (dismissing with prejudice a complaint that failed to allege facts demonstrating defendant engaged in prohibited activities or had actual or constructive knowledge of key conditions); *cf. United States ex rel. Roby v. Boeing Co.*, 184 F.R.D. 107, 110–11 (S.D. Ohio 1998) (finding FCA complaint adequately pleaded defendant's knowledge because it was "replete with numerous statements detailing that Boeing either knowingly or recklessly failed" to investigate or detect issues that resulted in false claims).

While Rule 9(b) permits knowledge to "be alleged generally," it cannot be baselessly presumed. *See Bledsoe*, 501 F.3d at 512–15 (holding FCA relator must allege facts supporting a general allegation of defendant's knowledge). This is especially the case when, as here, Relator has no personal knowledge (beyond internet research of publicly available information) of the alleged fraud. *See Chesbrough*, 655 F.3d at 471–72 ("This court, however, has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control, even in the context of the less rigorous pleading requirements of [Rule 8].") Relator's complaint is devoid of any allegation about TVPPA's understanding of the PPP program, what research it conducted, what advice it was given by financial professionals or others, or the substance of TVPPA's internal deliberations about applying for or seeking forgiveness of a PPP loan. Without such allegations, which Relator cannot make, the complaint fails to meet Rule 8(a)(2)'s demand for facts showing "more than the mere possibility of misconduct," *Ashcroft*, 556 U.S. at 679, much less Rule 9's requirement of specific

11

Case 1:25-cv-00111-TRM-MJD    Document 95    Filed 06/11/26    Page 11 of 14
PageID #: 633

information about "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough*, 655 F.3d at 467 (cleaned up) (quoting *Bledsoe*, 501 F.3d at 511 (recognizing Rule 8 and Rule 9 must be read in conjunction with one another)).

The complaint further fails to satisfy the requirements of Rule 9(b) because the allegations against TVPPA equally support a claim for negligence or mistake instead of fraud. "'[I]nnocent mistakes or negligence are not actionable under' the False Claims Act." *United States v. Quicken Loans Inc.*, 239 F. Supp. 3d 1014, 1025 (E.D. Mich. 2017) (quoting *United States v. King–Vassel*, 728 F.3d 707, 712 (7th Cir. 2013)). As noted in other Defendants' recent filings, the widespread confusion about the PPP loan application process is well documented by courts. (*See* Doc. 71 at 15.) Read plainly, the complaint appears to allege TVPPA prematurely applied for and received a PPP loan, given that TVPPA became eligible just months after it applied. (*See* Doc. 1 ¶¶ 29–30.) Such allegations plausibly allege negligence or mistake just as much as fraud. Because the allegations of the complaint are not "distinguishable from an innocent mistake or simple negligence," it cannot meet the Rule 9 standard. *Quicken*, 239 F. Supp. 3d at 1025 (citing *King–Vassel*, 728 F.3d at 712). The Court should dismiss Relator's FCA claim against TVPPA for failure to plead it with the requisite particularity.

## V. CONCLUSION

For these reasons, TVPPA respectfully requests that the Court dismiss with prejudice Relator's claims against TVPPA and tax the costs of this action against Relator.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: _/s/ Zachary H. Greene_
  Larry L. Cash, Tenn. BPR No. 009386
  Zachary H. Greene, Tenn. BPR No. 024451
  J. Andrew Whitten, Tenn. BPR No. 040215
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone (423) 756-6600
larry.cash@millermartin.com
zac.greene@millermartin.com
andrew.whitten@millermartin.com

***Attorneys for the Tennessee Valley Public Power Association, Inc.***

13

**CERTIFICATE OF SERVICE**

This document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by United States Mail directed to the addresses stated in the complaint. Parties may access this filing through the Court's electronic filing system.

Dated:  June 11, 2026.

**MILLER & MARTIN PLLC**

_s/ Zachary H. Greene_

14