## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| United States Of America ex rel. The Tarbell Group, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Bristol TN-VA Association Of Realtors, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00111-TRM-MJD |

## DEFENDANT SIGNAL MOUNTAIN GOLF AND COUNTRY CLUB'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Signal Mountain Golf and Country Club ("Signal Mountain" or "the Club"), by and through undersigned counsel, hereby moves this Court to dismiss all claims against Signal Mountain in the Complaint filed by The Tarbell Group, LLC ("Relator") with prejudice, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). In support of this Motion, Signal Mountain states as follows:

### I.     INTRODUCTION

This case—brought by one Relator against twenty-one Tennessee entities relating to their Paycheck Protection Program ("PPP") loans—is not a fraud case supported by nonpublic information or particularized allegations of misconduct. Rather, Relator's claims against Signal Mountain rest entirely on publicly available PPP loan data and publicly available tax-exempt status information. Therefore, the Complaint should be dismissed under the public-disclosure bar on this ground alone. Moreover, though, the Complaint is based on a generalized assertion that every defendant knowingly submitted false certifications to obtain their loans. The Complaint does not

allege who at Signal Mountain made any false statement, what specific representation was false, when or where any alleged misrepresentation occurred, or facts supporting a plausible inference of scienter. Accordingly, the Complaint is barred by the False Claims Act's public-disclosure bar and fails to satisfy Rules 8(a), 9(b), and 12(b)(6), and must be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

Signal Mountain Golf and Country Club is a tax-exempt organization under Section 501(c)(7) of the Internal Revenue Code. Compl. ¶ 19. Signal Mountain applied for and received one first-draw PPP loan, which was approved on April 15, 2020, in the amount of $242,755.00. *Id.* at ¶ 36; Ex. A. The loan was forgiven on November 3, 2020, in the amount of $244,063.18. Ex. A. Until March 2021, however, 501(c)(7) entities were not eligible for loans under the Paycheck Protection Program. Compl. at ¶ 31. All of this information, including Signal Mountain's 501(c)(7) status, is publicly available.

## STANDARD OF REVIEW

### A. Pleading Standard under Rule 9(b)

Relator's FCA claim is subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), except as to the scienter element. *See United States ex rel. Laughlin v. Radiation Therapy Servs., P.S.C.*, 148 F.4th 791, 798–99 (6th Cir. 2025), *reh'g denied sub nom. O'Laughlin v. Radiation Therapy Servs., P.S.C.*, No. 24-5898, 2025 WL 2825876 (6th Cir. Sept. 19, 2025) ("FCA complaints are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).") (citation omitted). Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Radiation Therapy Servs., P.S.C.*, 148 F.4th at 799 ("The relator must plead 'with particularity the circumstances constituting fraud.'").

2

A plaintiff alleging fraud or mistake, "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This means that the party must allege 'the time, place, and content of the alleged misrepresentation on which he or she relied.'" *Monaco Indus., LLC v. Fomento Econ. Mexicano S.A.B. de C.V.*, 685 F. Supp. 3d 654, 673 (E.D. Tenn. 2023) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 509 (6th Cir. 2007)). "In other words, a plaintiff must (1) specify the allegedly fraudulent statements, (2) identify the speaker, (3) plead when and where the statements were made, and (4) explain what made the statements fraudulent." *Id.* (quoting *Gordon v. B. Braun Med. Inc.*, No. 1:19-CV-121, 2020 WL 1491378, at *10 (S.D. Ohio Mar. 27, 2020)).

## B. Pleading Standard under Rule 8(a)

As to the scienter element of a FCA claim, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a). Plausibility requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

## III.    ARGUMENT

The False Claims Act (FCA) imposes liability on anyone who "knowingly" submits a "false" claim to the Government. *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 742 (2023) (citing 31 U.S.C. § 3729(a)). As explained below, Relator's FCA claim against Signal Mountain must be dismissed under the public-disclosure bar because all of the allegations concerning Signal Mountain's conduct have been publicly disclosed. Alternatively, the FCA claim

3

must also be dismissed because Relator did not adequately plead under Rule 9(b) that Signal Mountain made any "false" claim to the Government, or that, even under Rule 8(a), any such claim was made "knowingly."

### A. The Complaint Is Barred by the FCA's Public-Disclosure Bar.

The FCA's public-disclosure bar mandates dismissal where substantially the same allegations or transactions alleged in the complaint were publicly disclosed.[1] The statute provides:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). The public-disclosure bar serves to guard against "parasitic lawsuits" and "opportunistic plaintiffs." *United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 521–22 (6th Cir. 2020). As the Sixth Circuit has held, "individual plaintiffs cannot bring *qui tam* complaints based upon information already in the public domain." *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017).

### i. The Complaint is Based Entirely on Public Information.

The Relator's claim is based solely on Signal Mountain's receipt of a PPP loan before March 11, 2021 and status as a tax-exempt 501(c)(7) organization. Both facts are publicly available.

---

[1] Courts analyze motions to dismiss based on the public disclosure bar under Rule 12(b)(6). *See United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.,* 842 F.3d 430, 435 (6th Cir. 2016); *United States ex rel. St. Paul's Found. v. Wipperman*, No. 3-24-CV-00750, 2026 WL 622771, at *2 (M.D. Tenn. Mar. 5, 2026).

4

First, the PandemicOversight.gov and ProPublica.org websites are federal reports and news media, respectively, that made public the information regarding Signal Mountain's Loan. The PandemicOversight.gov website is maintained by the federal government and is accessible and searchable by any member of the public. Courts have routinely held that PandemicOversight.gov constitutes a "report" for purposes of the public-disclosure bar. *See United States ex rel. Relator LLC v. Kootstra*, No. 1:22-cv-12454, 2024 WL 3666470, at *4 (E.D. Mich. Aug. 27, 2024) ("The Court agrees with Defendants that the website [PandemicOversight.gov] is a federal report."); *United States ex rel. Relator LLC v. Erskine*, No. 22CV1158-LL-AHG, 2025 WL 796621, at *4 (S.D. Cal. Feb. 25, 2025) (appeal pending) ("The Court finds the PandemicOversight.gov website is a 'federal report' for purposes of the public disclosure bar.").

Likewise, ProPublica.org is a well-established news organization whose database of PPP loan information qualifies as "news media" under the FCA. See *United States ex rel. Relator LLC v. Cardinalli*, No. 5:23-cv-00113, 2025 WL 4036760, at *3 (C.D. Cal. Sept. 25, 2025) ("The Court further finds that this source [ProPublica] qualifies as 'news media' under 31 U.S.C. § 3730(e)(4)(A)."); *United States ex rel. Relator LLC v. Nations Direct Mortgage LLC,* No. 2:22-cv-04784, 2026 WL 453464, at *3 (C.D. Cal. Jan. 5, 2026) (finding ProPublica is a news source).

Both PandemicOversight and ProPublica published Signal Mountain's tax classification, loan details, and all other facts alleged in the Complaint. *See* Ex. 1.[2] In addition, the relevant PPP rules and regulations, including the dates when Section 501(c)(7) organizations became eligible

---

[2] This Court can take judicial notice of excerpts of Signal Mountain's information obtained through these websites because these facts are not subject to reasonable dispute as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Kootstra*, No. 2024 WL 3666470, at *n.2 (granting request to take judicial notice of information from PandemicOversight.gov); *Nations Direct Mortgage LLC*, 2026 WL 453464, at *n.1 (granting request to take judicial notice of information from PandemicOversight.gov and ProPublica.org).

5

for PPP loans, are likewise publicly available on government websites including sba.gov and federalregister.gov. Finally, Signal Mountain's tax exempt status is available through a search of the IRS's Tax-Exempt Organization website.[3]

Therefore, anyone with a computer could have looked up this information to determine that Signal Mountain is a tax-exempt 501(c)(7) entity, that it was approved for a PPP loan on April 15, 2020, and that 501(c)(7) entities were not eligible for PPP loans until March 11, 2021.

### ii. The Complaint's Allegations Are Substantially the Same as Those Publicly Disclosed.

Courts must weigh "whether the allegations in the complaint are substantially the same as those contained in the public disclosure." *Maur,* 981 F.3d at 522; 31 U.S.C. § 3730(e)(4)(A). Here, the allegations in the Complaint are not merely substantially the same as those publicly disclosed— they are essentially identical. The Complaint contains no additional relevant factual allegations beyond what is available on PandemicOversight.gov and ProPublica.org.

Courts faced with substantially identical allegations have consistently concluded that the public-disclosure bar precludes the action. *See Kootstra*, 2024 WL 3666470, at *4-6 (granting motion to dismiss the relator's PPP loan complaint under the public disclosure bar, noting that the complaint "appear[ed] to be at odds with the purpose of qui tam actions"); *Erskine*, 2025 WL 796621, at *4-6 ("[T]he Court finds Relator's claims that CalCon applied for, received, and used a PPP loan despite knowing that it was ineligible is barred by the public disclosure bar.")

### iii. The Relator Is Not an Original Source.

Once there has been a public disclosure, the Court "shall dismiss [the] action" unless the relator is an "original source" of the information. 31 U.S.C. § 3730(e)(4)(A). A person is an

---

[3] *Available at* https://apps.irs.gov/app/eos/.

"original source" if, "prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has [3] knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B). The Relator is not an original source of any information underlying its claims. The Relator has alleged no connection to Signal Mountain, no insider knowledge, and no facts independent of the public record. Nowhere does the Relator allege that it satisfies the elements required to be an "original source." Rather, the Relator's knowledge is derived purely from public information. Because the Relator is not an original source, the public-disclosure bar mandates dismissal.

### B. The Complaint Fails to State a Claim under Rule 12(b)(6)

First, as noted above, to survive a motion to dismiss under Rule 9(b), the Complaint must "allege 'the time, place, and content of the alleged misrepresentation on which he or she relied.'" *Monaco Indus., LLC*, 685 F. Supp. 3d at 673 (E.D. Tenn. 2023); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (to state an FCA claim, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud").

The Complaint fails to adequately allege that Signal Mountain submitted a false claim under this heightened standard. Instead, the Complaint offers nothing more than a rote regurgitation of the FCA's statutory language applied generically to all twenty-two defendants. The only allegations concerning Signal Mountain are (1) that the Club is a Section 501(c)(7) organization; (2) the Club's address; and (3) a chart listing the Club's PPP loan amount, date

7

approved, and forgiveness date. The Complaint then simply recites the statutory elements of an FCA claim using blanket references to "[e]ach defendant" without any specific allegations as to Signal Mountain. The Complaint: (i) does not allege who at Signal Mountain completed and submitted the PPP loan application, but instead relies on a blanket reference to "Unknown John or Jane Does" who were purportedly "directors, officers, employees, or otherwise agents" of all twenty-two defendants; (ii) does not identify what SBA form was used to make the PPP loan application, the contents of the loan application, or any specific false statement made by Signal Mountain; and (iii) does not allege when Signal Mountain submitted its PPP loan application. Therefore, the Complaint does not allege the manner in which Signal Mountain purportedly made any false representations. The bare assertions do not rise above the level of speculation and are precisely the sort of formulaic pleading that *Twombly* and *Iqbal* reject.

*Second*, the Complaint fails to allege scienter, a prerequisite under the FCA. The FCA defines "knowingly" to mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). Scienter is subject to "strict enforcement." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016). The Complaint alleges no facts whatsoever to support an inference that Signal Mountain knew or was aware of a substantial risk that its certifications about PPP loan eligibility were false. Rather, the Complaint aims to treat the FCA as a strict liability statute, lacking any allegations regarding scienter and ignoring the panic and confusion at the very beginning of the COVID-19 pandemic. The Complaint presents the exact type of general allegations that Rule 9(b)'s heightened standard is designed to combat. Because such assertions cannot satisfy Rule 9(b)'s particularity requirement, the Complaint should be dismissed.

Moreover, Congress enacted the CARES Act under urgent conditions to stabilize a collapsing economy, delegating administration of the PPP program to banks, credit unions, and loan processors in a manner that led to confusion and limited oversight. Based on the face of the Complaint, this Court can reasonably infer that—at the time Signal Mountain applied for its PPP loan—at the outset of the COVID-19 pandemic and first few weeks of the rollout of the PPP loan program—Signal Mountain reasonably believed it was eligible for a PPP loan.

Therefore, the Complaint must be dismissed

## IV.   CONCLUSION

For all the foregoing reasons, Signal Mountain respectfully requests that this Court grant this Motion and dismiss the Complaint as to Signal Mountain Golf and Country Club with prejudice and without leave to amend or, in the alternative, sever the claims against Signal Mountain from this action pursuant to Rules 20 and 21, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted June 17, 2026.

SIGNATURE ON THE FOLLOWING PAGE

9

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Nancy M. Eriksen*
Nancy M. Eriksen (TN Bar # 042840)
633 Chestnut Street, Suite 1900
Chattanooga, Tennessee 37450
423.209.4115
neriksen@bakerdonelson.com

Thomas H. Barnard (MD Bar # 0712170001)
*Admitted pro hac vice*
Annie M. Kenville (MD Bar # 1712140041)
*Admitted pro hac vice*
100 Light Street, 19th Floor
Baltimore, MD 21202
410.685.1120
tbarnard@bakerdonelson.com
akenville@bakerdonelson.com


*Attorneys for Signal Mountain Golf &
Country Club*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using the ECF system, which sent notification of such filing to all counsel of record. A

copy will also be served via U.S. Mail on all other parties.

Dated June 17, 2026.

*/s/ Nancy M. Eriksen*
Nancy M. Eriksen

10