**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

United States of America ex rel.
The Tarbell Group, LLC,

    Plaintiff

        v.

Bristol TN-VA Association of Realtors, et al.,

    Defendants

Case no. 1:25-cv-111-TRM-MJD

**RELATOR'S CONSOLIDATED OPPOSITION TO**
**FOURTEEN DEFENDANTS' MOTIONS TO DISMISS**

## I. INTRODUCTION

Plaintiff-Relator The Tarbell Group, LLC ("Relator") filed this action on behalf of the United States to recover damages under the False Claims Act ("FCA" or "Act"), 31 U.S.C. §§ 3729–3733, for funds wrongfully obtained by defendants from the government through misrepresentation. Each moving defendant is a tax-exempt organization that was categorically ineligible to receive a Paycheck Protection Program ("PPP") loan at the time it applied: a business league, chamber of commerce, or professional or trade association exempt under 26 U.S.C. § 501(c)(6); a social or recreational club exempt under § 501(c)(7); a fraternal beneficiary society exempt under § 501(c)(8); or a cemetery company exempt under § 501(c)(13). The PPP excluded each of these categories when defendants obtained their loans. Complaint, Doc. 1 ("Compl.") ¶¶ 30–36 & attached loan table. Each defendant nonetheless falsely certified—on its loan application and again on its forgiveness application—that it was eligible, and thereby obtained and retained federal funds to which it had no right. Compl. ¶¶ 29, 34, 38–41.

Twelve motions to dismiss by fourteen defendants are before the Court. Docs. 52, 62, 63, 70, 71, 73, 79, 80, 81, 82, 83, 87, 88, 94, 95, 98, 99, 101, 102, 103, 104, 105, 106, 107. They advance a handful of overlapping grounds—the public-disclosure bar, Rule 9(b), Rule 8(a), and failure to plead scienter and materiality (including the contention that SBA's forgiveness of the loans proves immateriality). The table in Part II below identifies the motions that press each ground and where, and, in brief, why it fails. None supports dismissal.

The public-disclosure bar—the centerpiece of the defense—fails because this case rests entirely on documents that are not public: each defendant's PPP loan application and its forgiveness application, on which it falsely certified its eligibility. The publicly available loan data on which defendants rely (loan amount, loan number, lender, approval date, and IRS tax-exempt status) show only that the loans were made; they are silent about fraud—the false certification of eligibility—that is the gravamen of the case.

Nor does the Complaint fail to plead fraud with particularity under Rule 9(b), a defense asserted by every defendant save Green Meadow Country Club. The Complaint pleads the who (each named defendant), what (the false eligibility certification), when (the approval and forgiveness dates in the attached table), where (likely inapplicable due to electronic submission, but the application submitted to SBA through the lender), and how (certifying eligibility when the entity's tax class was categorically excluded). Rule 9(b) expressly permits knowledge and intent to be "alleged generally." Defendants received a maximum of two PPP loans each, and their Rule 26(a)(1) initial disclosures evinced no difficulty in identifying the relevant PPP applications and the persons involved with procuring the loans. They cannot plausibly claim ignorance as to the subject matter against which they must defend.

The moving defendants' other arguments regarding the sufficiency of Relator's pleading similarly do not meet their burden of proving that no claim exists, as explained below.

## I.  SUMMARY OF THE GROUNDS ASSERTED AND WHY EACH FAILS

The following table summarizes the grounds raised by the twelve motions, identifies where each is argued (by memorandum docket number and internal page), and states in brief why each fails. The argument that follows expands on these points.

| Ground asserted | Raised by (memorandum; internal page) | Why it fails |
|---|---|---|
| Public-disclosure defense — suit rests on publicly available PPP loan data and IRS tax-status records | All twelve motions: Fort Loudoun (Doc. 52, at 7-9); Lakewood/River Bend/Tullahoma (Doc. 63, at 6-13); Knoxville Racquet (Doc. 71, at 7-12); Home Builders of Greater Knoxville (Doc. 73, at 9-10); Green Meadow (Doc. 80, at 4-10); Knoxville Academy of Medicine (Doc. 83, at 2-3); Oak Grove (Doc. 88, at 6-8); TVPPA (Doc. 95, at 5-8); Homebuilders of Greater Chattanooga (Doc. 99, at 6-10); Signal Mountain (Doc. 102, at 4-7); Shelbyville Moose (Doc. 104, at 6-9); Greeneville Moose (Doc. 106, at 6-9) | The case turns entirely on non-public documents — each defendant's PPP loan and forgiveness applications, on which it falsely certified eligibility. The public data do not reveal the fraud, and the fraud cannot be proved based on the public data. Proof of the fraud depends on the non-public application forms. |
| Rule 9(b) — fraud not pleaded with particularity (no who/what/when/where/how) | Eleven motions (all but Green Meadow): Fort Loudoun (Doc. 52, at 3-7); Lakewood group (Doc. 63, at 14-17); Knoxville Racquet (Doc. 71, at 12-13); HB Knoxville (Doc. 73, at 7-9); Knoxville Academy of Medicine (Doc. 83, at 4); Oak Grove (Doc. 88, at 4-6); TVPPA (Doc. 95, at 9-12); HB Chattanooga (Doc. 99, at 10-13); Signal Mountain (Doc. 102, at 7-9); Shelbyville (Doc. 104, at 9-14); Greenville (Doc. 106, at 9-14) | Rule 9(b) expressly authorizes general allegation of scienter. FCA scienter includes deliberate ignorance and reckless disregard and requires no proof of specific intent to defraud. The Complaint pleads the who (each named defendant), what (the false eligibility certification), when (the approval and forgiveness dates in the attached table), where (the application submitted to SBA through the lender), and how (certifying eligibility when the entity's tax class was categorically excluded). Rule 9(b) does not require naming the individual employee who signed. |
| Rule 8(a) / 12(b)(6) — failure to state a claim | Lakewood group (Doc. 63, at 13-14); Knoxville Academy of Medicine (Doc. 83, at 3); HB Chattanooga (Doc. 99, at 10); TVPPA (Doc. 95, at 9-12); Shelbyville (Doc. 104, at 9-14); Greenville (Doc. 106, at 9-14) | The Complaint satisfies Rule 9(b); *a fortiori*, it satisfies less-demanding Rule 8(a). The Complaint details every element of an FCA violation — a false statement, scienter, materiality, and a resulting payment. Plausibility, not proof is required, and the Court must accept the well-pleaded allegations as true. |
| Scienter not adequately pleaded | Knoxville Racquet (Doc. 71, at 13-16); HB Knoxville (Doc. 73, at 8-9); Signal Mountain (Doc. 102, at 8-9); Shelbyville (Doc. 104, at 10); Greenville (Doc. 106, at 10) | Rule 9(b) expressly authorizes general allegation of scienter. FCA scienter includes deliberate ignorance and reckless disregard and requires no proof of specific intent to defraud. Certifying eligibility without inquiry constitutes, at a minimum, deliberate ignorance or reckless disregard. |

| Ground asserted | Raised by (memorandum; internal page) | Why it fails |
|---|---|---|
| Materiality not pleaded / SBA's forgiveness shows the misstatement was immaterial | Lakewood group (Doc. 63, at 13); TVPPA (Doc. 95, at 9); Signal Mountain (Doc. 102, at 8); Shelbyville (Doc. 104, at 10); Greenville (Doc. 106, at 10) | The eligibility certification was an express condition of receiving the funds; without it no loans issued. Defendants would not have received the loans if they had not falsely certified their eligibility, and instead declared their categorical ineligibility. Forgiveness reflects the perpetrator's success, not the victim's informed acceptance. |

## II.  LEGAL STANDARDS

### A.  The public-disclosure bar.

The public-disclosure bar is an affirmative defense that applies only where "substantially the same allegations or transactions as alleged in the action" were already "publicly disclosed" in one of three enumerated sources: (i) a federal criminal, civil, or administrative hearing in which the government is a party; (ii) a federal report, hearing, audit, or investigation; or (iii) the news media. 31 U.S.C. § 3730(e)(4)(A). The court must ask first whether a public disclosure of fraud from one of the three enumerated sources preceded the filing of the complaint, and if so, whether the allegations in the complaint are sufficiently related to those in the public disclosures. The public-disclosure bar applies only if both conditions obtain (and if the relator is not an "original source" of the information, which Relator does not claim to be). *E.g.*, *United States v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 782 F.3d 260, 264-66 (6th Cir. 2015).

### B.  The False Claims Act and Rule 9(b).

The FCA imposes liability on one who "knowingly" presents a false claim for payment, makes a false record or statement material to a false claim, conceals or avoids an obligation to pay the government. 31 U.S.C. § 3729(a)(1)(A), (B), & (G). "Knowingly" encompasses not only actual knowledge but "deliberate ignorance" or "reckless disregard of the truth or falsity of the information," and "require[s] no proof of specific intent to defraud." Id., § 3729(b)(1). A statement is "material" if it has "a natural tendency to influence, or be capable of influencing, the payment

or receipt of money or property." § 3729(b)(4). The "knowing" aspect of a false representation may be demonstrated by failure to conduct a reasonable investigation. *United States ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 530 (6th Cir. 2012); *see United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 838 (6th Cir. 2018).

Rule 9(b) exempts scienter from its particularity requirements: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In the Sixth Circuit, a relator must "allege the time, place, and content" of the false representation—that is, "the who, what, when, where, and how of the alleged fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007). The rule "does not require the relator to identify the individual who submitted the false claim." *Bledsoe*, 501 F.3d at 506–07. Rule 9(b) does not require a plaintiff to possess or to plead all the evidence needed to prevail at trial, and it is not "decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims" and "adequately prepare a responsive pleading." *United States ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503, 505 (6th Cir. 2008).

## C.    Rule 12(b)(6) and Rule 8(a).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up), *quoted in Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "So long as a complaint provides the defendant with such minimal notice, Rule 8's requirements are met." *Snapp*, 532 F.3d at 503. *Cf. Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (Easterbrook, J.). As with Rule 9(b), Rule 8 does not require a plaintiff to plead all evidence in his possession, or all evidence necessary to prevail.

It follows that to survive a Rule 12(b)(6) motion to dismiss, a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept the allegations in the Complaint as true. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the merits. The court construes the complaint in the light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and asks only whether the well-pleaded facts state a plausible claim. *See*, *e.g.*, *Keys*, 684 F.3d at 608; *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV*, 487 F.3d at 476.

## III. ARGUMENT

### A. The public-disclosure bar does not apply, because the entire case pivots on non-public documents—each defendant's PPP loan and forgiveness applications.

Every movant asserts the public-disclosure defense, and every movant makes the same mistake: it equates the public existence of a PPP loan with public disclosure of the fraud. They are not the same. The bar reaches only a public disclosure of "substantially the same allegations or transactions" as the complaint.

The sine qua non of every count is each defendant's false certification of eligibility. That certification appears in two places, and neither is public: the defendant's PPP loan application (SBA Form 2483 or 2483-SD) and its loan-forgiveness application (SBA Form 3508, 3508EZ, or 3508S). On each, the applicant had to certify—and separately initial—that it was "eligible to receive a loan under the rules in effect at the time the application [was] submitted." Compl. ¶¶ 29,

6

39–41, 45–47. Those applications are not among the categories the statute enumerates, and they were never publicly disclosed. The bar therefore cannot apply.

What is public—the loan amount, loan number, lender, approval date, and the defendants' IRS tax-exempt classifications—discloses only that the loans were made and that the borrowers are tax-exempt entities. Those background facts do not disclose the operative wrong: that each borrower falsely certified eligibility on its loan application.

In the Sixth-Circuit framework for identifying a public disclosure, where no enumerated source contains an outright allegation of fraud, the bar applies only if the public sources cumulatively reveal the fraudulent transaction itself—both a misrepresented state of facts, X, and a true state of facts, Y, from which fraud, Z may be inferred: "if $X + Y = Z$, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z." *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 512-13 & n.5 (6th Cir. 2009) (quoting *United States ex rel. Springfield Terminal Ry. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994)). The public loan data supply, at most, Y, the true state of facts: each defendant received a PPP loan on a stated date and holds a stated tax classification. X—the misrepresented state of facts—appears in no public source, because the misrepresentation resides exclusively in the non-public application forms: each defendant's certification, separately initialed, that it was eligible to receive a loan under the rules in effect at the time the application was submitted. The loan data contain no representation by any borrower about anything, false or true. District court decisions applying the bar to a PPP suit assembled from public loan data mistakenly treated the borrower's publicly listed characteristics plus its receipt of a loan as disclosing the "transaction." That reasoning conflates the transaction the statute means—the fraud—with the loan itself, and cannot

be squared with the Sixth Circuit's insistence that the misrepresented state of facts be publicly revealed. That every PPP applicant was required to make the certification does not place any particular defendant's false certification in the public domain; the statute asks what the enumerated sources disclosed, not what might be reconstructed from them.

Confronting this same scenario—an FCA claim built on a non-public PPP application—the United States District Court for the Southern District of California rejected the public-disclosure defense. In *United States ex rel. Craig v. Hawthorne Machinery Co.*, No. 20-cv-1625, 2024 U.S. Dist. LEXIS 173872, at *36–39 (S.D. Cal. Sept. 25, 2024), the relator used public filings to identify the defendant's affiliates, but the crux of the case was the defendant's non-public PPP application. The court held the bar inapplicable because the relator's claim relied upon the defendant's "PPP loan application itself, which is non-public." *Id.*, at *37. The same is true here, for every defendant.

Multiple defendants denigrate this suit as "parasitic." A parasitic suit is built on a fraud that has already been exposed and publicly reported, as by a newspaper or government investigation, adding nothing. This suit is the opposite. It rests on documents that are not public at all—the defendants' applications—and on Relator's analysis connecting each loan's date to the statutory eligibility timeline, an analysis found in no public source. Far from free-riding on a prior revelation of fraud, the Complaint is the first to allege it. A suit cannot be parasitic on a disclosure that never revealed the fraud in the first place. Defendants' various exhibits notably omit any that mentions the defendant in connection with a misrepresentation of its PPP eligibility.

**B.     The Complaint satisfies Rule 9(b) and therefore Rule 8(a).**

The Complaint meets the heightened requirements of Rule 9(b). It identifies the who (each named defendant, Compl. ¶¶ 4–22); the what (the false certification of PPP eligibility on the loan and forgiveness applications, Compl. ¶¶ 29, 39–41); the when (the approval and forgiveness dates

set out defendant-by-defendant in the loan table attached to the Complaint, each preceding the date its tax class first became eligible, Compl. ¶¶ 30–36 & table); the where (of dubious applicability in this age of electronic submissions, but the applications were submitted to SBA through participating lenders, Compl. ¶¶ 26, 34, 35); and the how (certifying present eligibility at a time when the applicant's tax category was categorically excluded from the PPP). That is more than enough to put each defendant on notice of the particular circumstances for which it will have to prepare a defense. *See Snapp*, 532 F.3d at 503. The defendants, none of whom dispute having applied for the PPP loans identified in the Complaint, have complete knowledge of who filled out the forms, when and where and how they were submitted, and so on.

Defendants demand more than Rule 9(b) requires. Several fault the Complaint for not naming the individual who signed each application. But the Sixth Circuit has squarely held that a relator "need not identify the individual who submitted the false claim" so long as the corporate defendant and the circumstances of the fraud are pleaded with detail; the FCA's target is any "person," which "includes corporations." *Bledsoe*, 501 F.3d at 506–07. Likewise, the precise day of submission is unnecessary where the approval date already fixes the fraud in time, given that the PPP opened on April 3, 2020—a temporal window of, at most, a few weeks for most defendants. The notion that the defendants do not know when they applied for their PPP loans is not colorable. The Complaint does more than provide representative examples: it identifies each actual claim—each loan and forgiveness application, with its identification number, date and dollar amount—so the cases on which defendants rely, in which relators pleaded a scheme divorced from any identified claim, are inapposite. *See Sanderson v. HCA*, 447 F.3d 873, 878 (6th Cir. 2006); *SNAPP*, 532 F.3d at 507; *Chesbrough v. VPA P.C.*, 655 F.3d 461, 472 (6th Cir. 2011).

Defendants fault the Complaint for failing to make allegations showing that they knew their misrepresentation of eligibility to be untrue. That is precisely what Rule 9(b), and the Act itself, do not require. Rule 9(b) expressly permits "knowledge, and other conditions of a person's mind" to be "alleged generally." Moreover, actual knowledge of the falsity of their representations is not required in this case. "Knowing" misrepresentations, to which the Act attaches liability, "require no proof of specific intent to defraud." They encompass not only actual knowledge, but also "deliberate ignorance" or "reckless disregard" of the truth or falsity of the misrepresentation. 31 U.S.C. § 3729(b)(1).

Because the Complaint satisfies Rule 9(b), *a fortiori*, it satisfies the less stringent standards of Rule 8(a). The Complaint details every element of an FCA violation—a false statement, scienter, materiality, and a resulting payment. *Iqbal* and *Twombly* require nothing more than plausibility, not proof, and the Court must accept the well-pleaded allegations as true.

**C.     The Complaint adequately pleads scienter.**

This argument is of a piece with the Rule 9(b) and Rule 8 arguments, but several defendants have treated it as a separate issue. At the pleading stage, where knowledge "may be alleged generally," the Complaint's allegations that each defendant "knowingly" presented a false claim, Compl. ¶¶ 39–41, 45–47, are sufficient.

Several defendants argue the Complaint fails to allege that they acted "knowingly." As just explained, "knowingly" encompasses "deliberate ignorance" and "reckless disregard of the truth or falsity of the information," and "require[s] no proof of specific intent to defraud." 31 U.S.C. § 3729(b)(1). Any defendant that conducted a reasonable investigation of the eligibility criteria would readily have discovered its ineligibility, since the categorical exclusions were published in multiple SBA rules and other guidance. *See, e.g.*, 13 C.F.R. § 120.110(a) ("What businesses are ineligible for SBA business loans? The following types of businesses are ineligible: (a) Non-profit

businesses. . . ."); SBA PPP Interim Final Rule 1 (April 2, 2020), published at 85 Fed. Reg. 20811, 20812, *available at* https://home.treasury.gov/policy-issues/coronavirus/assistance-for-small-businesses/paycheck-protection-program (visited July 8, 2026) ("a. Am I eligible? You are eligible for a PPP loan if . . . You are: . . . A tax-exempt nonprofit organization *described in section 501(c)(3)*" (emphasis added); "c. How do I determine if I am ineligible? Businesses that are not eligible for PPP loans are identified in 13 C.F.R. 120.110 . . ."); SBA FAQ 3, April 6, 2020, *available at* https://www.sba.gov/sites/default/files/2023-03/Final%20PPP%20FAQs.pdf (visited July 8, 2026) ("PPP loans are also available for qualifying tax-exempt nonprofit organizations *described in section 501(c)(3)*" (emphasis added)); Moose International, *The CARES Act: Key Loan and Grant Programs for Nonprofit Organizations*, April 6, 2020, *available at* https://www.mooseintl.org/wp-content/uploads/2020/04/Covid-Assistance-Programs.pdf (visited July 8, 2026) ("Moose International ADVICE: Many reputable law firms have advised that certain nonprofits are ineligible for the Paycheck Protection Program loans because they are organized under other sections of the Code, like social welfare organizations (501(c)(4)) or trade associations (501(c)(6)). This guidance indicates that under the current guidelines from the US Treasury Department and the SBA, Lodges incorporated under section 501(c)(8) are ineligible.") (applicable to the two Moose Lodge movants). It may therefore be inferred that the defendants did not conduct a reasonable investigation. And a defendant applicant that certified—and specially initialed—that it was "eligible to receive a loan under the rules in effect," without investigation, would have acted at least in deliberate ignorance or reckless disregard of the truth. *E.g.*, *Williams*, 696 F.3d at 530 (6th Cir. 2012); *Prather*, 892 F.3d at 838.

The inference of scienter is stronger still because each defendant certified its eligibility not once but twice—first on the loan application and again on the forgiveness application—giving it a second occasion to discover, or deliberately ignore, its ineligibility. Compl. ¶¶ 29, 39-41.

**D.  The Complaint adequately pleads materiality, and SBA's forgiveness of the loans does not defeat it.**

Defendants' argument amounts to the untenable position that SBA would have disbursed and forgiven these loans had the applicants not certified their eligibility, but instead of so certifying, honestly proclaimed that they were ineligible due to their non-profit tax category. The proposition contradicts common sense. The eligibility certification was not a peripheral formality; it was an express condition of obtaining the money. Compl. ¶¶ 29, 39-41, 45-47. The PPP application required the applicant to certify—and to initial specifically—that it was eligible under the rules then in effect, and no loan issued without it. Where the government "expressly identifies a provision as a condition of payment," that supports materiality, *Universal Health Servs. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016). The statute defines as material any statement with "a natural tendency to influence" payment, § 3729(b)(4).

The recurring argument that SBA's forgiveness of the loans proves immateriality gets the Act backward. Forgiveness did not mark the government's knowing ratification of a fraud; it marked the fraud's success. SBA had no means to audit each certification for the approximately 11.8 million PPP loans it guaranteed. 89 Fed. Reg. 68090, 68091 n.2. It could only rely on the applicants' representations—and forgave the loans in reliance on the same false eligibility certification renewed on the forgiveness application. Compl. ¶¶ 29, 39–41. *Escobar* does not support dismissal on this basis: continued payment supports an inference of immateriality only where the government pays "despite its actual knowledge that certain requirements were violated," 579 U.S. at 195. No defendant alleges, nor is it true, that SBA knew these borrowers were ineligible

when it guaranteed and forgave their loans. Defendants mistake perpetrator success for victim acceptance: the government's failure to detect defendants' eligibility misrepresentations does not constitute ratification.

**E. Fort Loudoun failed to confer or file a certification of conference.**

The Court's Order Governing Motions to Dismiss (Doc. 4) requires that a motion to dismiss be "accompanied by a notice" certifying that the parties conferred and "have been unable to agree that the pleading is curable by a permissible amendment," and provides that non-compliant motions "are subject to being stricken." Fort Loudoun (Doc. 52) filed no such certification, despite Relator having raised the requirement in correspondence with Fort Loudoun's counsel. The Court may strike that motion or hold it in abeyance pending a compliant certification.

**F. No inference may be drawn from the government's decision not to intervene.**

A number of defendants imply that the government's decision not to intervene shows that the case lacks merit. The Sixth Circuit does not permit such an inference. *See United States ex rel. USN4U, LLC v. Wolf Creek Fed'l Svcs., Inc.*, 34 F.4th at 517-18 (6th Cir. 2022); *Prather*, 892 F.3d at 836.[1]

**IV. CONCLUSION**

For the foregoing reasons, Relator respectfully requests that the Court deny each of the motions to dismiss in its entirety. Should the Court dismiss any claim, Relator requests leave to

---

[1] If an inference from government intervention vel non were permissible, it would show the merit of the case, for the United States has intervened in numerous materially identical cases filed by Relator, and thereby recovered more than $6 million and counting. *See, e.g.*, Press Release, Press Release, *Labor Union Agrees to Pay $2 Million to Resolve Allegations of PPP Loan Fraud* (Sept. 17, 2025), *available at* https://www.justice.gov/usao-ma/pr/labor-union-agrees-pay-2-million-resolve-allegations-ppp-loan-fraud; *Six Non-Profits Agree to Pay Over $3 Million to Resolve False Claims Act Allegations Involving Paycheck Protection Program Loans* (Sept. 24, 2025), *available at* https://www.justice.gov/usao-dc/pr/six-non-profits-agree-pay-over-3-million-resolve-false-claims-act-allegations-involving; Press Release, *MEAC Issues Statement on PPP Loans Received in 2020 and 2021 During COVID-19 Pandemic* (Jan. 17, 2025), *available at* https://meacsports.com/news/2025/1/17/general-meac-issues-statement-on-ppp-loans-received-in-2020-and-2021-during-covid-19-pandemic.aspx.

file an amended complaint, which leave Rule 15(a)(2) requires to be given freely when justice so requires.

Respectfully submitted,

/s/ Bruce Ellis Fein

Bruce Ellis Fein
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
Attorney for Relator