**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THE TARBELL GROUP LLC, | ) | Case No. 1:25-cv-111 |
| *Plaintiffs*, | ) | Judge Travis R. McDonough |
| v. | ) | Magistrate Judge Michael J. Dumitru |
| BRISTOL TN-VA ASSOCIATION OF REALTORS, *et al.*, | ) | |
| *Defendants*. | ) | |

# ORDER

Before the Court are Defendants Fort Loudon Yacht Club Inc.'s ("Fort Loudon"), Lakewood Golf & Country Club Inc.'s ("LGCC"), River Bend Country Club Inc.'s ("RBCC"), Tullahoma Chamber of Commerce's ("Tullahoma"), Knoxville Racquet Club Inc.'s ("KRC"), Home Builders Association of Greater Knoxville Inc.'s ("Knoxville Home Builders"), Green Meadow Country Club Inc.'s ("GMCC"), Knoxville Academy of Medicine's ("Knoxville Medicine"), Oak Grove Cemetery Association's ("Oak Grove"), Tennessee Valley Public Power Association Inc.'s ("TVPPA"), Homebuilders Association of Greater Chattanooga's ("Chattanooga Homebuilders"), Signal Mountain Golf and Country Club's ("SMGC"), Shelbyville Lodge No. 2197 Loyal Order of Moose's ("Lodge 2197"), Greenville Lodge No. 692 Loyal Order of Moose's ("Lodge 692"), and Fraternal Order of Police-Volunteer Lodge No. 2's ("Police Lodge") motions to dismiss (Docs. 52, 62, 70, 73, 79, 83, 87, 94, 98, 101, 103, 105, 128). For the following reasons, the Court will **DENY** the motions.

## I. BACKGROUND

The Tarbell Group, LLC (hereinafter "Plaintiff"), brings the present action behalf of itself and as relator for the Government.[1] (*See* Doc. 1.) Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, the Paycheck Protection Program Flexibility Act of 2020, and the American Rescue Plan Act of 2021 (collectively the "PPP Program") to "provide economic relief and stimulate the economy during the COVID-19 pandemic." (*Id.* at 5); *see also* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281; Paycheck Protection Program Flexibility Act of 2020, Pub. L. No. 116-142, 134 Stat. 641; American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4. Plaintiff alleges that the PPP Program "effectively transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by [the] SBA ("PPP Loans")." (Doc. 1, at 5–6.) Each applicant to the PPP Program was required to certify its eligibility to receive PPP Loans and "forgiveness thereof." (*Id.* at 6.) According to Plaintiff, all Defendants are tax-exempt entities under 26 U.S.C. §§ 501(c)(6), 501(c)(7), 501(c)(8), or 501(c)(13). (*Id.* at 2–5.) Section 501(c)(6) organizations were ineligible for relief under the PPP Program until December 27, 2020, and 501(c)(7), 501(c)(8), and 501(c)(13) organizations were ineligible until March 11, 2021. (*Id.* at 6.)

Plaintiff alleges that each Defendant applied for and received PPP Loans when it was ineligible for such benefits. (*Id.*) Plaintiff also alleges that each Defendant falsely certified that it was eligible for the PPP Loans it applied for and received. (*Id.* at 7.) Plaintiff filed the present

---

[1] The Government declined to intervene on January 7, 2026. (*See* Doc. 19.)

action on April 2, 2025, and it asserts a claim pursuant to the False Claims Act ("FCA") against each Defendant.[2]

The Defendants listed above have moved to dismiss Plaintiff's FCA claims. (*See* Docs. 52, 62, 70, 73, 79, 83, 87, 94, 98, 101, 103, 105, 128.) Each moving Defendant asserts that the FCA's public-disclosure bar prohibits Plaintiff's claims. (*See* Doc. 52, at 7; Doc. 63, at 8; Doc. 71, at 7; Doc. 73, at 9; Doc. 80, at 10; Doc. 83, at 2; Doc. 88, at 6; Doc. 95, at 5; Doc. 99, at 6; Doc. 102, at 4; Doc. 104, at 6; Doc. 106, at 6; Doc. 128.) All of the moving Defendants except GMCC also assert that Plaintiff's complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 9(b).[3] (Doc. 52, at 3; Doc. 63, at 16; Doc. 71, at 12; Doc. 73, at 7; Doc. 83, at 4; Doc. 88, at 4; Doc. 95, at 9; Doc. 99, at 5; Doc. 102, at 7; Doc. 104, at 9; Doc. 106, at 9; Doc. 128.)

## II. STANDARD OF LAW

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion

---

[2] Plaintiff asserts a second FCA claim against Knoxville Home Builders, Chattanooga Home Builders, and the Etowah Chamber of Commerce for taking a second PPP Loan. (Doc. 1, at 8.) Plaintiff alleges that these Defendants only obtained a second loan because they falsely certified eligibility for the first PPP loan they received. (*See id.*)

[3] Some Defendants also argue that Plaintiff fails to state a plausible claim for relief under Rule 8. (*See* Doc. 63, at 13–14; Doc. 73, at 8–9; Doc. 83, at 3; Doc. 95, at 9; Doc. 99, at 10; Doc. 104, at 9–10; Doc. 106, at 9–10.) The Court addresses this argument *infra* at note 7.

pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."[4] *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. The factual allegations must "state a claim to relief that is plausible

[4] The Court will take notice of the online sources Defendants rely on here, as numerous courts have determined that similar exhibits are public records when considering whether the public-disclosure bar applies. *See United States v. Hodges*, No. 2:22-CV-05200-FWS-GJS, 2025 WL 3724906, at *3 n.1 (C.D. Cal. Nov. 7, 2025); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13-CV-2145, 2015 WL 7575937, at *7 (N.D. Ohio Nov. 25, 2015), aff'd, 842 F.3d 430 (6th Cir. 2016) (taking judicial notice of "public postings, along with [] news stories"); *United States ex rel. MSP WB, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 19-12165, 2024 WL 1316223 (E.D. Mich. Mar. 26, 2024), *aff'd sub nom. United States ex rel. Michigan v. State Farm Mut. Auto. Ins. Co.*, No. 24-1379, 2025 WL 101639 (6th Cir. Jan. 15, 2025) (taking judicial notice of news articles). Accordingly, LGCC, RBCC, and Tullahoma's motion for judicial notice (Doc. 61) is **GRANTED**. However, at the motion-to-dismiss stage, the Court may only conclude "that the record exists," it may not "treat all information in the record as true." *Blackwell v. Nocerini*, 123 F.4th 479, 487 (6th Cir. 2024).

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Public-Disclosure Bar

"The False Claims Act prohibits submitting false or fraudulent claims for payment to the United States, and authorizes *qui tam* suits, in which private parties bring civil actions in the Government's name." *United States ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 822 (6th Cir. 2021). The FCA "encourages relators to act as private attorneys-general in bringing suits for the common good," and incentivizes relators to bring FCA claims through potential monetary awards. *Id.* (citations omitted). "However, to guard against potential parasitic lawsuits and opportunistic plaintiffs, Congress included a public-disclosure bar in the FCA." *Id.* (citation modified). This public-disclosure bar prohibits "*qui tam* actions that merely feed off prior public disclosures of fraud." *Id.* (citation omitted). The FCA directs courts to dismiss any *qui tam* claims that rely on factual allegations "substantially the same" as facts publicly disclosed "(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party, (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media" unless dismissal is opposed by the Government or the "person bringing the action is an original source of the information." *Id.* at 822–23 (quoting 31 U.S.C. § 3730(e)(4)(A)).

The Sixth Circuit applies a three-part test to determine whether the public-disclosure bar defeats a claim. First, a court must determine whether "there had been any public disclosures from which fraud might be inferred" prior to the filing of the *qui tam* complaint. *Id.* at 823 (citation omitted). Next, a court must evaluate "how closely related the allegations in the complaint are to those in the public disclosures." *Id.* (citation omitted). Lastly, a court must determine if the plaintiff-relator is "an original source of the information." *Id.* (citation omitted).

**i. Prior Public Disclosures**

As outlined by the FCA, a disclosure is public "if it appears in the news media . . . or in a congressional, administrative, or Government Accounting Office report, audit, or investigation." *Id.* (citation omitted). A statement or allegation in the disclosure "satisfies the inference-of-fraud element if the information is sufficient to put the government on notice of the likelihood of related fraudulent activity." *Id.* (citation omitted). The Sixth Circuit has explained that disclosures of fraud typically fall into two categories:

> First, if the information about both a false state of facts and the true state of facts has been disclosed, we will find that there has been an adequate public disclosure because fraud is implied. Second, if there has been a direct allegation of fraud, we will find a public disclosure because such an allegation, regardless of its specificity, is sufficient to put the government on notice of the potential existence of fraud.

*Id.* at 823–24 (citation modified). A public disclosure can "be piecemeal so long as the multiple sources of information reveal the allegation of fraud and its essential elements." *Id.* at 824. As is relevant in this case, courts have frequently held that information available at PandemicOversight.gov and in various news media concerning PPP Loans is a public disclosure from which fraud might be inferred. *See United States ex rel. Relator LLC v. Kellog*, No. 23-CV-118-CAB-BLM, 2025 WL 897439, at *3–5 (S.D. Cal. Mar. 24, 2025) (finding that PandemicOversight.gov contained public disclosures and applying the public-disclosure bar to

PPP-derived claims); *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *4–5 (E.D. Cal. Aug. 6, 2024) (same); *Seikel v. Alvarez*, No. CR 1:23-CV-01, 2024 WL 1315869, at *4 (N.D.W. Va. Mar. 27, 2024) (holding that information regarding PPP loans on a public website "triggers application of the public disclosure bar" and applying the public-disclosure bar to PPP-derived claims); *Relator LLC v. Lim*, No. 22-CV-04715-AGT, 2025 WL 4052367, at *3–4, *7 (N.D. Cal. Apr. 22, 2025) (finding that blog posts relevant to PPP-derived FCA claims "are a form of news media" for the purposes of the FCA and applying the public-disclosure bar to PPP-derived claims); *United States v. Minnesota Orchestral Ass'n*, No. CV 23-3216 (PAM/SGE), 2025 WL 1953120, at *3–4 (D. Minn. July 16, 2025) (finding that a press release from a website, a news article, and a website containing information regarding PPP loans were public disclosures and applying the public-disclosure bar to PPP-derived claims); *United States ex rel. Akeel & Valentine, PLC v. Napleton Auto Grp., Inc.*, No. 24 CV 00047, 2025 WL 2930796, at *7–9, *12 (N.D. Ill. Oct. 15, 2025) (relying on PandemicOversight.gov and news articles when applying the public-disclosure bar to PPP-derived claims).

Here, LGCC (Docs. 61-1, 61-4, 61-6), RBCC (Docs. 61-3, 61-4, 61-8), Tullahoma (Docs. 61-2, 61-4, 61-7), Knoxville Home Builders (Doc. 73, at 9), Knoxville Medicine (Doc. 83, at 3), and Chattanooga Homebuilders (Docs. 98-2, 98-3) have provided judicially noticeable evidence from publicly available sources with information relevant to their PPP Loans. However, these sources make no reference to the Defendants' specific 501(c) classification. Further, the sources do not show that the relevant PPP-Loan information was publicly available *before Plaintiff filed*

*his complaint*.[5] To demonstrate that the public-disclosure bar applies here, each Defendant must show that its 501(c) classification and participation in the PPP Program was publicly available before Plaintiff filed suit, as Plaintiff's claims of fraud can be inferred from such information.[6] *See* (Doc. 1, at 6–7); *Rahimi*, 3 F.4th at 823–24. As such, these Defendants have failed to show that the public-disclosure bar defeats Plaintiff's claims.

Fort Loudon (Docs. 52-1, 52-2, and 52-3), KRC (Docs. 71-1, 71-2), GMCC (Docs. 81-1, 81-2, 81-3), Oak Grove (Docs. 87-2, 87-3, 87-4), SMGC (Doc. 102-1), Lodge 2197 (Doc. 104, at 3 n.2), and Lodge 692 (Doc. 106, at 3 n.2) have presented judicially noticeable evidence from publicly available sources with information relevant to their PPP Loans and 501(c) classification. However, these sources also fail to show that the information regarding PPP participation and non-profit classification was publicly available *before Plaintiff filed his complaint*. Thus, these Defendants have also failed to show that the public-disclosure bar defeats Plaintiff's claims.

TVPPA (Docs. 94-1, 94-2, 94-3, 94-4, 94-5, 94-6) has presented judicially noticeable evidence that suggests information regarding its PPP Loans and 501(c) classification was publicly available before Plaintiff filed its complaint. (*See* Docs. 94-1, 94-2, 94-3, 94-4, 94-5, 94-6.) TVPPA attaches an archived news release from the SBA that established the SBA would "disclose the business names, addresses, NAICS codes, zip codes, business type, demographic

---

[5] The defendants in *United States ex. rel. Nevadans Against Fraud on the Gov't, LLC v. Terrible Herbst*, No. 2:24-CV-2277 JCM (BNW), 2026 WL 608897 (D. Nev. Mar. 4, 2026), relied on web archives to show the information that was available on www.PandemicOversight.gov when the relator filed its complaint. *Id.* at *4. No Defendants have done so here.

[6] Plaintiff's allegations of fraud can be summarized as follows: (1) a Defendant applied and certified eligibility for a PPP Loan, (2) the Defendant received such benefits, and (3) the Defendant was actually ineligible for PPP Loans when it applied because organizations with its 501(c) status were ineligible at that time. Therefore, fraud can be inferred if publicly available information shows that (1) a Defendant received a PPP Loan, (2) the Defendant held a certain 501(c) status when it received the loan, and (3) organizations with the Defendant's 501(c) status were ineligible for PPP Loans when the Defendant received the benefits.

data, non-profit information, jobs supported, and loan amount ranges . . ." of any entities that participated in the PPP Program. (Doc. 94-1, at 2.) The SBA made this announcement on June 19, 2020, suggesting that the listed information would be published sometime thereafter. (*See id.*) TVPPA then attaches information taken from public websites that disclose its 501(c) classification and PPP-Loan information. (*See* Docs. 94-2, 94-3, 94-4, 94-5, 94-6.)

However, TVPPA's evidence is still insufficient to show that the public-disclosure bar applies. The news release TVPPA provides does not state whether the SBA published the 501(c) classification of entities participating in the PPP Program or if this information was otherwise publicly available at the time Plaintiff filed this action. (*See* Doc. 94-1.) "[N]on-profit information" does not necessarily include an organization's 501(c) classification. Likewise, TVPPA's other exhibits fail to conclusively show that the PPP-Program information they contain was available to Plaintiff *before it filed suit*, even if the archived news release from the SBA suggests the information was likely available. As such, TVPPA also fails to show that the public-disclosure bar applies to Plaintiff's complaint.[7]

**B. Rule 9(b)**

Rule 9(b) applies in cases in which a plaintiff alleges fraud and requires that "a party [] state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). Thus, Rule 9(b) applies when a relator asserts claims pursuant to the FCA. *United States v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017) (citing *U.S. ex rel. Bledsoe v. Cmty. Health Sys.*, Inc., 501 F.3d 493, 503 (6th Cir. 2007)). "To plead fraud with particularity, the plaintiff must allege (1) the time, place, and

[7] Lastly, Police Lodge did not submit any judicially noticeable evidence. (*See* Doc. 128.) As such, it fails to show the public-disclosure bar applies to Plaintiff's claims.

content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (internal quotations and citation omitted). The purposes of Rule 9(b) are to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 838 F.3d 750, 771 (6th Cir. 2016). While this is a high bar, "so long as a [plaintiff] pleads sufficient detail—in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud—to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008).

The Sixth Circuit has emphasized that "Rule 9(b) should be interpreted in harmony with Rule 8's statement that a complaint must only provide 'a short and plain statement of the claim.'" *Id.* at 503 (quoting Fed. R. Civ. P. 8(a)). It has also cautioned that "[Rule 9(b) should not be read to defeat the general policy of simplicity and flexibility in pleadings contemplated by the Federal Rules." *Id.*; *see U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007) ("*Bledsoe II*") ("When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading."). Therefore, "[a]lthough conjecture and speculation are insufficient under Rule 9(b), [a court] must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." *Prather*, 838 F.3d at 771 (citations omitted).

Here, Plaintiff's allegations meet the requirements of Rule 9(b). The time of each Defendant's alleged fraudulent representation is contained within the table Plaintiff attached to its complaint. (Doc. 1-1.) The content of these alleged representations is captured by Plaintiff's

allegation that each Defendant falsely certified that it "was eligible for a PPP Loan and forgiveness thereof." (Doc. 1, at 7.) Plaintiff alleges each Defendants' fraudulent intent when it asserts that each Defendant "knowingly present[ed]" a false claim for a PPP Loan. (*Id.*) Although Plaintiff's complaint is relatively short, there is nothing more to the alleged "fraudulent scheme" here. *Chesbrough*, 655 F.3d at 467. Plaintiff alleges that each Defendant submitted a claim for PPP-Program benefits and that each Defendant knew it was ineligible for these benefits when it applied. The allegations above provide Defendants with clear notice as to the nature of Plaintiff's claims, and they state a plausible claim for relief assuming the truth of Plaintiff's factual allegations.[8]

### C. Expedited Summary Judgment

Although Defendants have failed to demonstrate that the public-disclosure bar applies to this case in their motions to dismiss, the evidence they rely on suggests that there is a significant likelihood that the public-disclosure bar will apply at summary judgment. Caselaw also supports this conclusion, as several courts have applied the public-disclosure bar to claims similar to Plaintiff's after defendants cited information from PandemicOversight.gov. (*See supra* Part III.A.i.) Proceeding with discovery before resolving this issue would be an inefficient use of the parties' time and resources. As such, the Court will order an expedited summary judgment schedule as to this specific issue. To the extent Defendants believe the public-disclosure bar applies to Plaintiff's claims, they **SHALL** move for summary judgment on or before **October 5,**

---

[8] Rule 9(b) imposes more onerous requirements on pleadings than Rule 8. *See Walgreen Co.*, 846 F.3d at 880 (explaining that "*qui tam* plaintiffs must meet the *heightened* pleading standards of Civil Rule 9(b)") (emphasis added); *Chesbrough*, 655 F.3d at 466 (describing the "heightened pleading standard" of Rule 9(b)). Thus, if Plaintiff's complaint meets the requirements of Rule 9(b), it will also satisfy Rule 8. Here, Plaintiff's complaint meets the heightened requirements of Rule 9(b) and any argument that Plaintiff has failed to plausibly state a claim under Rule 8 fails.

**2026**. All Defendants who intend to move for summary judgment on this issue **SHALL** file a joint motion. Defendants' joint motion **SHALL** only address the public-disclosure bar. The moving Defendants **SHALL** also attach an appendix that contains all evidence supporting the motion. Plaintiff **SHALL** respond to Defendants' joint motion on or before **October 26, 2026**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Docs. 52, 62, 70, 73, 79, 83, 87, 94, 98, 101, 103, 105, 128) are **DENIED**. LGCC, RBCC, and Tullahoma's motion for judicial notice (Doc. 61) is **GRANTED**.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**